**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
sandra.ezell@nelsonmullins.com
Eden M. Darrell (SBN: 295659)
eden.darrell@nelsonmullins.com
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:    804.533.2900
Facsimile:     804.616.4129

Ian G. Schuler (SBN: 275052)
ian.schuler@nelsonmullins.com
750 B. Street, Suite 2200
San Diego, CA 92101
Telephone:    619.489.6110
Facsimile:     619.821.2834

Trevor C. Zeiler (SBN: 325543)
trevor.zeiler@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:    424.221.7400
Facsimile:     424.221.7499

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, individually and on behalf of the Estate of Clyde Leach, <br><br> Plaintiff, <br><br> vs. <br><br> TESLA, INC. and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 5:23-cv-03378 <br><br> (Removed from Santa Clara County Superior Court – Case No. 23CV414572) <br><br> **DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION** <br><br> Action Filed: April 11, 2023 |

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendant Tesla, Inc. ("Tesla") hereby removes this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction over the civil lawsuit because it involves citizens of different states, and the amount in

controversy exceeds $75,000, exclusive of interest and costs. In support of its Notice of Removal, Tesla states as follows:

## FACTUAL BACKGROUND

1. On April 11, 2023, Plaintiff Donna Leach, individually and on behalf of the Estate of Clyde Leach (collectively "Plaintiff"), filed her Complaint in the Santa Clara County Superior Court entitled: *Leach v. Tesla, Inc.*, Case No. 23CV414572 alleging wrongful death—strict liability, wrongful death—negligence, and survival action causes of action against Tesla stemming from an automobile accident that occurred in Ohio. (Pl's. Summons and Compl. attached as Ex. A to Declaration of Trevor C. Zeiler ("Zeiler Decl.").)

2. Tesla is the only defendant to this action.

3. Tesla submitted its Answer to Plaintiff's Complaint, for filing, on July 6, 2023, in the Santa Clara County Superior Court. (Zeiler Decl. ¶ 5, Ex. C.)

## DIVERSITY JURISDICTION

**Diversity of Citizenship Exists**

4. Plaintiff Donne Leach alleges she is a citizen of Cumberland County, Pennsylvania and Letters of Administration for the Estate of Clyde Leach were granted to Donna Leach in Cumberland County, Pennsylvania. (Compl. ¶¶ 3, 4.)

5. Tesla is now, and was at the time the Complaint was filed, a corporation incorporated in the state of Delaware with its principal place of business in the state of Texas, as recognized by the United States District Court for the Northern District of California. (Zeiler Decl. ¶¶ 6, 7, 8, Ex. D, E, F; *Monet v. Tesla, Inc*., No. 5:22-cv-00681-EJD, 2022 WL 2714969 (N.D. Cal. July 13, 2022) (denying motion to remand because at the time plaintiff filed the complaint, Tesla was a citizen of Texas and Delaware); *Sare v. Tesla, Inc*., No. 2:22-cv-00547-JAM-CKD (E.D. Cal. July 18, 2022) (denying motion to remand after finding Tesla's principal place of business is now in Austin, Texas).)[1]

---

[1] Plaintiff incorrectly alleges that Tesla's principal place of business is in California. (Compl. ¶ 6.) To support this allegation, Plaintiff makes representations in paragraphs 7-12 of her Complaint that do not satisfy the "nerve center" standard for determining a corporation's principal place of business. See *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). Not only does Plaintiff misrepresent that Tesla's Chief Financial Officer ("CFO") is located in Palo Alto when he is actually based in Texas, she omits that its Chief Executive Officer ("CEO") also works out of Texas.

6. A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

7. On December 1, 2021, Tesla officially moved its headquarters from 3500 Deer Creek Road in Palo Alto, California, to 13101 Harold Green Road, Austin, Texas (later 1 Tesla Road in Austin, Texas). (Zeiler Decl. ¶ 7, Ex. E.) Austin, Texas is the location of Tesla's "Gigafactory," a colossal manufacturing plant that covers 2,500 acres, with over 10 million square feet of factory floor and cost over $1 billion to build. Tesla broke ground on this facility on July 15, 2020. In 2020, there were 98 full-time Tesla employees on site in additions to hundreds more contingent staff. By 2021 the full-time employee headcount increased to approximately 2,500. Tesla received permits to begin vehicle production on December 6, 2021.

8. Texas is the location where two of Tesla's high level corporate officers—including its CEO and CFO—direct, control, and coordinate the company's activities. Tesla's CEO and CFO have worked out of Austin, Texas since prior to the filing of Plaintiff's Complaint. Tesla's CEO—Elon Musk—confirmed that he had moved to Texas by December 8, 2020. As CEO, Mr. Musk is involved in many facets of product design, engineering, and global manufacturing of Tesla's electric vehicles, battery products and solar energy products, and has done so from Gigafactory Texas since early 2021. Other company leadership, who report directly to Mr. Musk that are based in Gigafactory Texas include: (1) the Head of Tesla's Legal Department, Dinna Eskin; (2) Tesla's Vice President of Employee Health and Safety; and (3) and the head of global compliance. In addition, there are a number of other VP/Director level employees who have been working out of Austin for many months.

9. Thus, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332 (a)(1) because Plaintiff is a citizen of Cumberland County, Pennsylvania and Tesla is a citizen of Delaware and Texas.[2]

---

[2] "Doe" defendants shall be disregarded for removal purposes. See *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

**Amount in Controversy is Satisfied**

10. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

11. Plaintiff alleges Clyde Leach died in a motor vehicle collision when the subject Tesla Model Y ran into a support column adjacent to gas pumps resulting in a fire which consumed the Tesla's passenger compartment and Decedent Clyde Leach "*suffered multiple fatal injuries in the collision including blunt force face injuries, fractures, spinal cord injuries, internal injuries, and burn injuries.*" (Compl. ¶¶ 3, 20-27.)

12. Plaintiff seeks general non-economic damages and special economic damages. (Compl. p. 21:24-27).

13. While Tesla does not concede or admit that any claims for any amounts have legal or factual merit, it is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold due to the alleged death of Clyde Leach from the vehicle accident described above. There is a preponderance of the evidence from the face of the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### PROCEDURAL REQUIREMENTS

14. Tesla, the only named defendant, was served with the Complaint on June 6, 2023. Tesla filed this notice of removal within 30 days of the service of the summons and Complaint. (Zeiler Decl. ¶ 4, Ex. B.) Thus, removal of this lawsuit is timely under 28 U.S.C. § 1446.

15. The Superior Court of the State of California for the County of Santa Clara is located in the Northern District of California. Therefore, venue is proper under 28 U.S.C. § 84 because this is the "district and division with which such action is pending…." (28 U.S.C. § 1446(a).).

16. Under 28 U.S.C. § 1446(d), a copy of this notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Santa Clara.

17. A copy of all process, pleadings, and orders filed in state court are attached hereto, as required by 28 U.S.C. § 1446(a). (Zeiler Decl. ¶ 3, Ex. A.)

## CONCLUSION

18. This Court has original jurisdiction under 28 U.S.C. § 1332 since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, and removal jurisdiction under 28 U.S.C. § 1441 since all the requirements for removal have been met.

19. Having met all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, the defendant Tesla requests that this Court assume complete jurisdiction in this matter.

Dated: July 6, 2023           Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:   */s/ Trevor C. Zeiler*
      Sandra G. Ezell
      Eden M. Darrell
      Ian G. Schuler
      Trevor C. Zeiler
      Attorneys for Defendant
      TESLA, INC.

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)(3)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Nelson Mullins Riley & Scarborough LLP and my business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502.

On July 6, 2023 I served the foregoing document entitled ***DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION*** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof as follows:

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by ELECTRONIC SUBMISSION]** – By transmitting such document(s) electronically from my e-mail address at Nelson Mullins Riley & Scarborough LLP to the person(s) at the electronic mail addresses listed above pursuant to Emergency Rule 12 and/or the agreement of the parties.

☐ **[by ELECTRONIC SUBMISSION]** – I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with [attorney service].

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed July 6, 2023 at Whittier, California.

ELIZABETH VELASQUEZ
Print Name

By: *C. Velasquez*
Signature

**SERVICE/MAILING LIST**

**Donna Leach, et al. v. Tesla, Inc., et al.**
Santa Clara Superior Court Case No.: 23CV414572

| BAILEY & GLASSER, LLP<br>Todd A. Walburg, Esq.<br>Scott B. Baez, Esq.<br>1999 Harrison Street, Suite 660<br>Oakland, CA 94612 | **ATTORNEYS FOR PLAINTIFF**<br><br>Tel:   510/ 272-8000<br>Fax:  510/ 463-0291<br>Email: twalburg@baileyglasser.com<br>            sbaez@baileyglasser.com |
|---|---|