Todd A. Walburg (SBN 213063)
twalburg@baileyglasser.com
Scott B. Baez (SBN 330485)
sbaez@baileyglasser.com
**BAILEY GLASSER LLP**
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291

Attorneys for Plaintiff DONNA LEACH,
individually and on behalf of the
Estate of Clyde Leach

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, individually and on behalf of the Estate of Clyde Leach,<br><br>                              Plaintiff,<br><br>        v.<br><br>TESLA, INC. and DOES 1 through 100, inclusive,<br><br>                              Defendants. | Case No. 23-cv-03378-SI<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE**<br><br>Date:  February 2, 2024<br>Time: 10:00 a.m.<br>Courtroom: 1<br><br>Action Filed: April 11, 2023<br>Trial Date: July 21, 2025 |

1

## **<u>TABLE OF CONTENTS</u>**

2

3    TABLE OF CONTENTS ........................................................................................................i

4    TABLE OF AUTHORITIES...............................................................................................ii

5    INTRODUCTION AND FACTUAL BACKGROUND ....................................................1

6    LEGAL STANDARD .........................................................................................................1

7    ARGUMENT .......................................................................................................................3

8    I.    Tesla Has Not Shown that Venue and Jurisdiction in the Southern District
          of Ohio Is Proper .....................................................................................................3

9    II.   The Governing Factors Weigh Heavily Against Transfer ................................4

10        A.    Plaintiff's choice of forum is entitled to deference because the operative
                facts giving rise to this case largely occurred in the Northern District of
11              California. ..........................................................................................................4

12        B.    The convenience of the parties and witness, and the ease of access to
                evidence, favor litigating this case in California. ...........................................5
13

14            i.    Tesla has repeatedly affirmed that the Northern District of California is
                    superior to other venues due to its pervasive contacts in this District. ........5
15

16            ii.   This District is also the most convenient venue for Plaintiff. ....................6

17            iii.  Tesla has not made any sufficient showing concerning the unavailability
                    of non-party witnesses...................................................................................7
18

19            iv.   Even if third-party witnesses could be inconvenienced by litigation in
                    California, Tesla has not shown that testimony by any Ohio-based
                    witness is material or necessary at trial. ......................................................8

20            v.    Access to non-testimonial evidence does not weigh in favor of transfer to
                    Ohio. ..............................................................................................................9
21

22        C.    The remaining factors weigh against transfer to Ohio. ................................10

23            i.    The Northern District of California is more familiar with applicable law,
                    especially in matters concerning Tesla. ......................................................10

24            ii.   California has a greater interest in resolving this matter than Ohio.......11

25            iii.  Tesla concedes that the Northern District of California is less congested
                    than the Southern District of Ohio. ............................................................11
26

27    CONCLUSION .................................................................................................................11

28

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carolinas Cas. Co. v. Data Broadcasting Corp.*,
  158 F.Supp.2d 1044 (N.D. Cal. 2001)....................................................................1

*Cochran v. NYP Holdings, Inc.*,
  58 F. Supp. 2d 1113 (C.D. Cal. 1998), *aff'd, Cochran v. NYP
  Holdings, Inc.*, 210 F.3d 1036 (9th Cir. 2000)........................................................7

*Commodity Futures Trading Comm'n v. Savage*,
  611 F.2d 270 (9th Cir. 1979)....................................................................................7

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986)..................................................................................11

*E. & J. Gallo Winery v. F. & P.S.p.A.*,
  899 F.Supp. 465 (E.D. Cal. 1994) ......................................................................2, 7

*Ellis v. Costco Wholesale Corp.*,
  372 F.Supp.2d 530 (N.D. Cal. 2005) .......................................................................2

*Ferens v. John Deere Co.*,
  494 U.S. 516 (1990)................................................................................................10

*Flint v. UGS Corp.*,
  2007 WL k4365481, &3 (N.D. Cal. 2007)................................................................6

*Florens Container v. Cho Yang Shipping*,
  245 F.Supp.2d 1086 (N.D. Cal. 2002)......................................................................4

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
  141 S. Ct. 1017 (2021)..............................................................................................3

*Forte Capital Partners v. Harris Cramer*,
  2007 WL 1430052 (N.D. Cal. 2007).........................................................................2

*Gates Learjet Corp. v. Jensen*,
  743 F.2d 1325 (9th Cir.1984)...................................................................................8

*Gulf Oil Co. v. Gilbert*,
  330 U.S. 501 (1947)..................................................................................................2

*Heller Fin., Inc. v. Midwhey Powder Co., Inc*,
  883 F.2d 1286 (7th Cir. 1989)..................................................................................7

*Hinze v. Tesla, Inc., et al.*,
    No. 3:2022cv02944 (N.D. Cal.) ................................................................. 10

*IBM Corp. v. Bajorek*,
    191 F.3d 1033 (9th Cir. 1999) ................................................................... 10

*Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*,
    2007 WL 4532214 (N.D. Cal. Dec 19, 2007) ............................................... 2

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ....................................................................... 2

*Kristian Edwards, et al. v. Tesla Motors, Inc.*,
    No. RG20065951 (Alameda Sup. Ct. 2020) ................................................. 6

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987) ....................................................................... 4

*McLaughlin v. Tesla, Inc., et al.*,
    No. 5:2022cv07849 (N.D. Cal.) ................................................................. 10

*Monet v. Tesla, Inc.*,
    No. 5:2022cv00681 (N.D. Cal.) ................................................................. 10

*Nelson v. Int'l Paint Co.*,
    716 F.2d 640 (9th Cir. 1983) ..................................................................... 10

*Nikola Corporation v. Tesla, Inc.*,
    No. cv-18-01344-PHX-JAS, 2018 WL 6584981 (D. Ariz. 2018) ................ 6

*Raynes v. Davis*,
    2007 WL 4145102 (C.D. Cal. 2007) .......................................................... 10

*Saleh v. Titan Corp.*,
    361 F.Supp. 2d 1152 ................................................................................... 8

*Unicorn Energy GMBH v. Tesla, Inc.*,
    No. 2:20-cv-00338-JRG, 2021 WL 4034515 (E.D. Tex. 2021) .................. 5

*Z-Rock Communications Corp. v. William A. Exline, Inc.*,
    2004 WL 1771569 (N.D. Cal. 2004) .......................................................... 10

**Statutes**

28 U.S.C. 1404 (a) ............................................................................................ 10

28 U.S.C. § 1404 (a) ............................................................................. 1, 4, 5, 10

28 U.S.C. § 1406 ................................................................................................. 1

28 U.S.C. § 1441 (a) ................................................................................................ 1

O.R.C. § 2307.382 ................................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 32(a)(4) ........................................................................................... 9

Fed. R. Evid. 403 ...................................................................................................... 9

Schwarzer, Tashima, and Wagstaffe, *California Practice Guide: Federal*
    *Civil Procedure Before Trial* § 4:301 ...................................................... 7

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

## INTRODUCTION AND FACTUAL BACKGROUND

Clyde Leach died of multiple blunt force traumatic and burn injuries when his 2021 Tesla Model Y crashed at a fairly low speed. Defendant Tesla, Inc. ("Tesla") was responsible for engineering, designing, manufacturing, testing, warranting, marketing, selling, and distributing Mr. Leach's Tesla Model Y. Many of those activities occurred here in the Bay Area. Tesla has always been a "California-based company," even after moving its corporate headquarters to Texas for tax purposes. Many similar cases against Tesla are currently being litigated in the nearby San Jose Division of the Northern District of California (where Tesla originally removed this case to after it was filed in the Santa Clara County Superior Court.)

Now, in spite of a history of seeking transfers to California – rather than out of California – Tesla is asking the Court to transfer this case from San Francisco to Ohio. This Court should not permit Tesla to engage in forum shopping.

Tesla has not met its burden (nor provided any appropriate sworn declarations in support of its arguments). For the reasons set forth more fully below, Plaintiff respectfully requests that the Court deny Tesla's motion to transfer venue, and permit the case to efficiently proceed pursuant to the Court's previously-entered Scheduling Order.

## LEGAL STANDARD

Tesla brings its Motion to Transfer under Section 1404(a) which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Tesla, as the party moving to transfer, bears the burden of proving that the case could have been brought in the forum to which transfer is sought, that the inconvenience of litigating in this forum favors transfer, and that transfer to another district is appropriate. *See Carolinas Cas. Co. v. Data Broadcasting Corp.*, 158

---

[1] As Tesla voluntarily removed this case to the Northern District, the Northern District is a proper venue (*see* 28 U.S.C. § 1441 (a)), and Tesla is not moving to dismiss for improper venue pursuant to 28 U.S.C. § 1406.

F.Supp.2d 1044, 1047-48 (N.D. Cal. 2001); *E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994).

Tesla's burden is a heavy one. "A 'defendant must make a *strong showing* of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Ellis v. Costco Wholesale Corp.*, 372 F.Supp.2d 530, 537 (N.D. Cal. 2005) (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added); *see also Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, 2007 WL 4532214, *7 (N.D. Cal. Dec 19, 2007) (defendant has a "heavy burden of establishing the inconvenience of litigating in this forum"). In determining whether defendant has met its burden in establishing that transfer is appropriate, the Court considers a number of factors, including: (1) the plaintiffs' choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to evidence; (5) the familiarity of the forum with the applicable law; (6) any local interest in the controversy; (7) the relative court congestion and time to trial in each forum; and (8) differences in the costs of litigation in the two forums. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947) (superseded by statute on other grounds); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

To meet this heavy burden, Tesla cannot make conclusory allegations but "must present affidavits or declarations to establish the facts supporting transfer." *Forte Capital Partners v. Harris Cramer*, 2007 WL 1430052, *2 (N.D. Cal. 2007) (citing Hon. William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, §§ 4:789 (2006)). "The affidavits or declarations must be admissible evidence of the facts involved, i.e., nonhearsay statements by a competent witness." *Id*. "Conclusory declarations are not sufficient." *Id*. (citing *Stop-A-Flat Corp. v. Electra Start of Michigan, Inc.*, 507 F.Supp. 647, 652 (E.D.Pa.1981); N.D. Cal. Local Rule 7-5)). "A party seeking a transfer cannot rely on vague generalizations as to the convenience factors." *Id*. "The party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Id*.

//

1

## ARGUMENT

2

### I. Tesla Has Not Shown that Venue and Jurisdiction in the Southern District of Ohio Is Proper

3

4

As Tesla points out, the threshold question for transfer is "whether the case

5

could have been brought in the proposed transferee court." Dkt. No. 23 at 5:6-7 (quoting

6

*Nat'l Fire Ins. Co. of Harford v. UPS Freight, Inc.*, No. 16-cv-4785, 2017 WL 1927683

7

at *1 (N.D. Cal. 2017). Telsa argues that there can be no dispute that the Southern

8

District of Ohio could exercise specific personal jurisdiction under provisions of Ohio's

9

long-arm statute which provide for jurisdiction under certain circumstances *where*

10

*tortious conduct occurs outside of Ohio*. Dkt. No. 23 at 5:5-13 (quoting O.R.C. §

11

2307.382, subparts (4) and (5)). In its reliance on these provisions and it argument,

12

Tesla implicitly admits that none of the tortious conduct Plaintiff alleges—i.e. Tesla's

13

design, development, manufacture, testing, marketing, warranting, and sale of the

Subject 2021 Model Y—even occurred in its proposed transferee forum.

14

More importantly, Tesla fails to meet its burden to prove that this matter could

15

have been brought in Ohio because it provides no evidentiary support whatsoever for

16

its assertion that the circumstances of this case obviously meet the requirements of the

17

Ohio statute. Notably, subparts (4) and (5) of Ohio's section 2307.382 only provide

18

jurisdiction in Ohio where the alleged tortfeasor "regularly does or solicits business" in

19

Ohio or otherwise maintains sufficient minimum contacts in the state. Tesla offers no

20

evidence of its contacts with Ohio, but rather cites Plaintiff's general allegations that

21

the company conducts business nationally.

22

Tesla's passing mention of *Ford Motor Co. v. Montana Eighth Judicial District*

23

*Court*, 141 S. Ct. 1017 (2021) also does not necessarily resolve the question of whether

24

jurisdiction and venue are proper in Ohio. For example, Tesla is silent as to whether

25

Plaintiff Donna Leach's residence in Pennsylvania rather than Ohio affects the

26

analysis, even though the *Ford* Court repeatedly emphasized the relevance of the

27

plaintiffs' residence within the forum state to its determination. *Id*. at 1022 ("[w]hen a

28

company like Ford serves a market for a product in a State, and that product causes

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

injury in the State *to one of its residents*, the State's courts may entertain the resulting suit"), 1028-1032.

For the purposes of this Opposition, Plaintiff takes no position as to the propriety of jurisdiction and venue in Ohio (or Pennsylvania), nor is she required to do so. Instead, the test is whether Tesla has met its burden to prove that this case could have been brought in its desired forum. Tesla's factually devoid, conclusory analysis cannot meet this heavy burden, and its Motion must therefore fail.

## II.     The Governing Factors Weigh Heavily Against Transfer

Even if litigating this case in the Southern District of Ohio would be proper, Tesla's Motion should still be denied because its fails to show, by competent evidence, that transfer would further "the convenience of the parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404 (a).

### A.     Plaintiff's choice of forum is entitled to deference because the operative facts giving rise to this case largely occurred in the Northern District of California.

A plaintiff's choice of forum generally holds substantial weight, and courts will not grant a motion under Section 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002). Nonetheless, Tesla asserts that Plaintiff's choice to litigate in the Northern District of California should be given no deference at all merely because she resides in Pennsylvania. Dkt. No. 23 at 7:11-12. Tesla's analysis is erroneous, and the question of deference to Plaintiff's choice of forum certainly does not turn on her state of residence alone.

To the contrary, in the Ninth Circuit, courts considering what weight to afford a plaintiff's choice of forum examine "the extent of both [plaintiff's] and the defendant's] contacts with the forum, including those relating to [plaintiff's] cause of action." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Plaintiff's choice is afforded minimal consideration where the operative facts did not occur within the forum and the forum has no interest in the parties or subject matter. *Id.* (citing *Pacific Car & Foundry Co.*

*v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)). But that is not the case here, where the subject vehicle was actually built in the Northern District of California.

Tesla designed, developed, manufactured, tested, and marketed the Subject 2021 Tesla Model Y in the Northern District of California. This conduct occurring in California comprises the gravamen of Plaintiff's allegations against Tesla. Because Tesla undertook these activities within this forum, the bulk of the relevant evidence bearing on Plaintiff's claims will necessarily be obtained in California. This is where the majority of the depositions in the case will occur. Conversely, Tesla has not shown that any decisions regarding the design, development, manufacture, testing, or marketing of the Model Y occurred in Ohio or any place other than California. Because there is a substantial connection between California and Plaintiff's claims, Plaintiff's choice of forum is entitled to deference and this factor weighs against transfer.

**B.** **The convenience of the parties and witness, and the ease of access to evidence, favor litigating this case in California.**

*i.* *Tesla has repeatedly affirmed that the Northern District of California is superior to other venues due to its pervasive contacts in this District.*

The convenience of the parties and witnesses, and the location of evidence, also weigh against transfer of this case to Ohio. Tesla has not shown that any substantial inconvenience would result from litigating this case in California. Indeed, a review of Tesla's recent filings in similar Section 1404(a) proceedings reveals that its present position smacks of forum shopping. In its Motion and Rule 26 Initial Disclosures in this case, Tesla fails to acknowledge any nexus at all between its alleged tortious conduct and this District. Yet, in recent filings in at least two other matters, Tesla has affirmed by competent evidence that its contacts with this District are pervasive, especially with respect to the types of conduct at issue in this case.

For example, just three years ago, Tesla successfully moved under Section 1404(a) to transfer a patent infringement matter from the Eastern District of Texas to the Northern District of California. *Unicorn Energy GMBH v. Tesla, Inc.*, No. 2:20-cv-00338-JRG, 2021 WL 4034515 (E.D. Tex. 2021). In stark contrast to its present arguments, Tesla asserted in *Unicorn Energy* that "[e]asier access to sources of proof

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

in the Northern District of California heavily favor[ed] transfer." <u>Exhibit A</u> at 8. According to Tesla, litigation in this District was more convenient than elsewhere because all of Tesla's relevant documents and key witnesses were located in the Northern District of California. *Id*. In support of its motion, Tesla presented a sworn declaration by its Senior Corporate Counsel, Austin Marsh, stating that the company had over 20,000 employees in the Northern District of California at 52 physical locations, emphasizing that Tesla's Palo Alto offices are just 18 miles from the San Jose courthouse and less than 40 miles from the San Francisco and Oakland courthouses. <u>Exhibit B</u> at ¶ 3-4. Tesla's Austin Marsh declared that "all decision-making relating to the design, development, and operation" of the product at issue occurred in the Northern District of California, identifying numerous witnesses by name, job title, and describing their involvement in the issues of the case. *Id*. at ¶ 6-7, 11.

The story was almost identical a few years prior when Tesla successfully moved to transfer another intellectual property matter involving its semi-truck products to the Northern District from the District of Arizona. *Nikola Corporation v. Tesla, Inc.*, No. cv-18-01344-PHX-JAS, 2018 WL 6584981 (D. Ariz. 2018). Tesla argued, and the court agreed, that transfer was appropriate because all of Tesla's witnesses and the majority of the evidence was located in California. *Id*. at *1-2; *see also* <u>Exhibit C</u> and <u>Exhibit D</u>. Tesla has also stipulated to litigate product liability cases in the Superior Court of the State of California, County of Santa Clara, on the basis of its business activities in Palo Alto. *See, e.g., Kristian Edwards, et al. v. Tesla Motors, Inc.*, No. RG20065951 (Alameda Sup. Ct. 2020); <u>Exhibit E</u>.

*ii. <u>This District is also the most convenient venue for Plaintiff.</u>*

Plaintiff's convenience will not be served if she is forced to litigate this matter in Ohio, a place she does not live or otherwise have any notable contacts. Indeed, Tesla's claim that the relative convenience of the Southern District of Ohio is neutral for plaintiff is refuted by the simple fact that Plaintiff chose to bring her case in California, where her counsel and the evidence are also located. *See Flint v. UGS Corp.*, 2007 WL k4365481, &3 (N.D. Cal. 2007) ("Plaintiff actively chose to bring this case within the

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

1   Northern District, and the Court regards that decision as an implicit rejection of

2   Defendant's hypothesis.")

3         *iii.* <u>*Tesla has not made any sufficient showing concerning the*</u>
   <u>*unavailability of non-party witnesses.*</u>

4

5       A large portion of Tesla's Motion argues that trial in California would be

6   inconvenient for non-party witnesses. Dkt. No. 23 at 7:19-9:12. Tesla purports to

7   establish any supposed inconvenience by reference to the Declaration of Trevor Zeiler,

8   a litigation attorney for Tesla who lacks personal knowledge of any facts regarding the

9   subject collision, the witnesses described, or their ability to appear at trial in California.

10  *See generally* Dkt. No. 23-1. Defense counsel apparently gleaned the information from

11  reliance on hearsay documents, including Plaintiff's Rule 26 Initial Disclosures and a

12  traffic collision report. Dkt. Nos. 23-2 and 23-3. The Declaration and the hearsay

13  statements within it are inadmissible, insufficient to support a request for transfer,
   and should be ignored.

14      Rather than relying on vague generalizations of inconvenience by a non-witness

15  litigation attorney, Tesla is required to demonstrate through affidavits or declarations

16  containing only admissible evidence, the identify of its key witnesses and a clear

17  statement of what their testimony would include. *Cochran v. NYP Holdings, Inc.*, 58 F.

18  Supp. 2d 1113, 1119 (C.D. Cal. 1998), *aff'd, Cochran v. NYP Holdings, Inc.*, 210 F.3d

19  1036 (9th Cir. 2000); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d

20  270, 279 (9th Cir. 1979); *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466

21  (E.D.Cal.1994); Schwarzer, Tashima, and Wagstaffe, *California Practice Guide:*

22  *Federal Civil Procedure Before Trial* § 4:301.

23      Failure to clearly specify – with admissible evidence – the identities of the key

24  witnesses to be called, along with a clear statement describing the nature of their

25  testimony, renders a request to transfer venue based on witness unavailability

26  insufficient on its face. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc*, 883 F.2d 1286,

27  1293 (7th Cir. 1989); *accord Ainsworth v. Experian Info. Solutions, Inc.*, 2011 WL

28  2135713, at *1 (C.D. Cal. May 12, 2011).

Tesla ignores this heavy burden and fails to provide the required affidavits of any of the third-party witnesses vaguely referenced in its Dkt. No. 23. Tesla further fails to provide any indication as to what the expected testimony would be. Consequently, Tesla has not shown that transfer should be made in the interests of third-party convenience.

   iv.  *Even if third-party witnesses could be inconvenienced by litigation in California, Tesla has not shown that testimony by any Ohio-based witness is material or necessary at trial.*

  A party seeking to transfer venue must establish that the testimony it seeks from non-party witnesses is both material to the issues at hand and that the testimony is necessary for trial. This is because "in determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses. *Saleh v. Titan Corp.*, 361 F.Supp. 2d 1152, 1160-1161 (citing *State Street Capital Corp. v. Dente¸* 855 F.Supp. 192, 198; *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335–36 (9th Cir.1984) (forum non conveniens case; concluding that "the district court improperly focused on the number of witnesses in each location" and should have instead "examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum").

  Here, Tesla provides no facts, admissible or otherwise, relating to the materiality or necessity of any non-party witness. Instead, Tesla merely recites the names and job titles, gleaned from hearsay sources, of sixteen individuals who Tesla assumes may have knowledge of aftermath of the collision that killed Clyde Leach, and one potential eyewitness to the crash. Dkt. No. 23 at 8:2-19. While it is possible that some of these individuals may have some relevant knowledge, the fundamental facts of the collision and the ensuing fire, and Mr. Leach's death at the scene, are unlikely to be in dispute at trial. Multiple security camera videos of the collision are available, and there is no evidence that any of the witnesses that Tesla lists actually perceived any fact of consequence to the action.

1    Furthermore, Tesla will be able to compel each percipient witness to testify at a

2    videotaped deposition regardless of which forum this case is ultimately venued in, and

3    the Federal Rules of Civil Procedure recognize that deposition testimony is a suitable

4    alternative to live trial testimony particularly when the testimony is of marginal

5    relevance or materiality. Fed. R. Civ. P. 32(a)(4). Considering that parties customarily

6    stipulate to undisputed evidence prior to trial (and play deposition videos at trial), and

7    that they are prohibited from offering cumulative or time-wasting evidence under

8    Federal Rules of Evidence 403, the need for live testimony at trial of any non-party,

9    Ohio-resident witness, is speculative at best.

10    Because Tesla has failed to demonstrate the materiality or necessity of live trial

11    testimony by any non-party Ohio witness, it cannot show that this factor weighs in

12    favor of transfer.

            v.   *Access to non-testimonial evidence does not weigh in favor of transfer*
13               *to Ohio.*

14    Tesla scrapes the bottom of the barrel in arguing that access to the subject 2021

15    Tesla Model Y vehicle and the scene of the crash compel transfer to Ohio. The subject

16    vehicle is in temporary storage in Ohio, and arrangements are being made to transport

17    the vehicle to a secure evidence storage facility in Stockton, California (Interstate

18    Services, where most Northern California product liability firms store accident-

19    involved vehicles.).[2] The scene of the crash is a roadside gas station like any other.

20    Tesla has not stated, and Plaintiff's counsel struggles to conceive, any need whatsoever

21    for the jury to ever visit this location.

22    //

23    //

24    //

25    //

26    _____

      [2] Plaintiff's counsel regularly stores vehicles at issue in litigation at Interstate

27    Services, located at 2719 Boeing Way in Stockton, California. Many of Plaintiff's expert
      witnesses are also located in California, which is another reason why vehicle storage

28    in California is preferred.

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

**C.    The remaining factors weigh against transfer to Ohio.**

*i.    The Northern District of California is more familiar with applicable law, especially in matters concerning Tesla.*

As this is a Section 1404(a) transfer for convenience, California choice of law rules apply even if this case is transferred to Ohio. *See Ferens v. John Deere Co.*, 494 U.S. 516 (1990) (transferee court shall "apply the law of the transferor court, regardless of who initiates the transfer"); *IBM Corp. v. Bajorek*, 191 F.3d 1033, 1036-37 (9th Cir. 1999) ("[t]he rule that in a transferred case, the transferor state's choice of law rules apply"); *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983); *Raynes v. Davis*, 2007 WL 4145102, *4 (C.D. Cal. 2007) ("California choice-of-law rules would govern the case should it be transferred to New York. Thus, this factor weighs slightly against transfer."); *Z-Rock Communications Corp. v. William A. Exline, Inc.*, 2004 WL 1771569, *5 (N.D. Cal. 2004) ("When a case is transferred on grounds of convenience pursuant to 28 U.S.C. 1404 (a), the transferee court must apply the original transferor court's choice-of-law rules.").

As a result, there is a strong possibility that California substantive product liability law would apply even if the case were transferred to Ohio. This Court is more familiar with California law than the Ohio courts, particularly in matters involving Tesla. There are presently 33 matters pending against Tesla in the Northern District of California, including at least six product liability matters. Of these, three cases, in addition to the present matter, involve allegations that defects in a Tesla vehicle caused injury or death to a resident of another forum, within another forum outside of California. *See Monet v. Tesla, Inc.*, No. 5:2022cv00681 (N.D. Cal.); *Hinze v. Tesla, Inc., et al.*, No. 3:2022cv02944 (N.D. Cal.); *McLaughlin v. Tesla, Inc., et al.*, No. 5:2022cv07849 (N.D. Cal.). Conversely, a docket search revealed that no case against Tesla of any type has ever proceeded within the Southern District of Ohio.

Plainly, this Court possesses superior experience with the subject matter of this case, making Tesla's newfound objections to litigation here even more curious.

//

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

1

      ii.  *California has a greater interest in resolving this matter than Ohio.*

2      Plaintiff concedes that both California and Ohio have interests in resolving this

3 matter, however, Tesla's extensive business presence in Northern California creates a

4 stronger interest in resolving this matter than that of Ohio. After all, Ohio is only

5 interested in this case to the extent that the subject crash happened to occur there.

6      iii.  *Tesla concedes that the Northern District of California is less congested than the Southern District of Ohio.*

7

8      "Court congestion," also a factor in the transfer analysis, *see Decker Coal Co.*,

9 *supra*, 805 F.2d at 843, favors the Northern District of California. As Tesla's Motion

10 points out, cases go to trial faster in the Northern District of California than in the

11 Southern District of Ohio. *See* Dkt. No. 23 at 10:8-11 (noting that nearly ten thousand

12 more cases are currently pending in the Southern District of Ohio, and median time to

13 trial takes nearly six-months longer than in the Northern District of California). This

14 factor weighs against transfer to Ohio.

15           **CONCLUSION**

16      For the foregoing reasons, Tesla's Motion to Transfer Venue to the Southern

17 District of Ohio should be denied.

18

19 Dated:  December 22, 2023     BAILEY GLASSER LLP

20

21      By:  */s/ Todd A. Walburg*

22         TODD A. WALBURG

23         SCOTT B. BAEZ
          Attorneys for Plaintiff DONNA LEACH,

24         individually and on behalf of the Estate of
          Clyde Leach

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2023, I electronically filed the foregoing document with the clerk of the court of the U.S. District Court for the Northern District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated: December 22, 2023                    /s/ Todd A. Walburg
                                            Todd A. Walburg

PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO TRANSFER VENUE