1  Todd A. Walburg (SBN 213063)
   taw@mccunewright.com
2  Scott B. Baez (SBN 330485)
   sbb@mccunewright.com
3  **MCCUNE LAW GROUP, APC**
   3281 E. Guasti Road, Suite 100
4  Ontario, California 91761
   Telephone: (909) 577-1250
5  Facsimile: (909) 557-1250

6  Attorneys for Plaintiff DONNA LEACH,
   individually and on behalf of the
7  Estate of Clyde Leach

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, individually and on behalf of the Estate of Clyde Leach,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC. and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 23-cv-03378-SI<br><br>Honorable Susan Illston<br><br>Action Filed: April 11, 2023 (Santa Clara Super. Ct.)<br>Transfer Date: July 6, 2023<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST TESLA, INC. FOR MEDIATION MISCONDUCT**<br><br>Date:   November 29, 2024<br>Time:   10:00 a.m.<br>Courtroom 1 (Via Zoom)<br><br>Action Filed:   April 11, 2023<br>Trial Date:     July 21, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, November 29, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 1 (Via Zoom), of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Donna Leach ("Plaintiff") will and hereby does move this Court for an order

1 granting Plaintiff's Motion for Sanctions

2     Plaintiff respectfully requests that the Court impose monetary sanctions
3 against Defendant Tesla, Inc. ("Tesla") for failing to provide an individual with full
4 settlement authority at a court-ordered mediation session, failing to notify Plaintiff
5 that no one with full settlement authority would be present, and thereby failing to
6 meaningfully participate in the mediation. And then entering into a written
7 settlement agreement that was later breached. Plaintiff further requests that the
8 Court sanction Tesla's Deputy General Counsel for bad faith conduct in connection
9 with the mediation.

10     This Motion is based on the accompanying Memorandum of Points and
11 Authorities, the Declaration of Todd A. Walburg and all exhibits thereto, the
12 pleadings and records on file in this action, such additional authority and argument
13 as may be presented in any Reply brief and at the hearing of this Motion, and such
14 other matters which this Court may deem appropriate.

15                                 Respectfully Submitted,

16 Dated: October 25, 2024         McCUNE LAW GROUP, APC

17

18                     By:   */s/ Todd A. Walburg*
                            TODD A. WALBURG
19                             SCOTT B. BAEZ
                            Attorneys for Plaintiff
20                             DONNA LEACH, individually and
                            on behalf of the Estate of Clyde Leach

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTS

### A. Plaintiff Filed Suit for the Wrongful Death of Her Husband

This case arises from the wrongful death of Clyde Leach, Plaintiff Donna Leach's loving husband of 51 years. Mr. Leach sustained fatal injuries when his 2021 Tesla Model Y suddenly accelerated, departed the roadway, crashed into a support column, and burst into flames on April 17, 2021. See Dkt. No. 1-2. Plaintiff filed suit against Telsa on April 11, 2023, asserting product liability and negligence claims for defects in the subject Tesla Model Y's occupant crash protection, vehicle fire prevention, collision avoidance, acceleration, braking, and steering systems. *Id.*

### B. Tesla's Representative at the Court-Ordered Mediation Lacked Full Settlement Authority in Violation of Mediator's Directive

The Court ordered the case to private mediation and the parties designated Brad J. Safon of Safon Mediation, Inc. as mediator. Dkt. Nos. 18, 20. Upon his selection, Mr. Safon issued an engagement letter outlining his requirements for the court-ordered mediation session, including, *inter alia*, that "[i]t is <u>necessary</u>, indeed <u>imperative</u>, that decision makers with <u>full authority</u> be present at the mediation session." Declaration of Todd A. Walburg ("Walburg Decl.") at ¶4; <u>Exhibit 1</u>, Engagement Letter (emphasis added).

On September 13, 2024, Plaintiff and her counsel proceeded with the mediation believing that Tesla's representative at the mediation, Ryan McCarthy, was a "decision maker with full authority" as required by Mr. Safon's terms. Walburg Decl. at ¶5. Mr. McCarthy is Tesla's Deputy General Counsel for Product Litigation. Walburg Decl. at ¶6. Prior to the mediation, Mr. McCarthy executed legal documents on Tesla's behalf, including the ADR Certification form Tesla filed with this Court, placing his signature in the space indicated for the "Party." Dkt. No. 15. Of course, Mr. McCarthy also appeared at the mediation as Tesla's representative, a capacity

1 that was explicitly required to possess settlement authority under the terms of the
2 mediator's engagement letter. Exhibit 1.

3 Prior to the mediation, Plaintiff's counsel never received notice that Mr.
4 McCarthy was not capable of binding the company to a settlement agreement.
5 Walburg Decl. at ¶7. Instead, approximately six hours into the mediation session,
6 when Plaintiff's counsel believed that an agreement was close, Plaintiff's counsel
7 learned for the first time that Mr. McCarthy lacked full settlement authority, in
8 violation of the mediation rules. Walburg Decl. at ¶8.

9     **C.**     **Tesla's Representative Executed the Settlement Agreement**
10            **Resolving the Case Subject to Approval by Tesla's "Executive**
11            **Committee"**

12 With options limited by the discovery of Tesla's violation of the mediation rules
13 after six hours of negotiations, Plaintiff ultimately decided to resolve the case that
14 day, and both parties signed a written settlement agreement.[1] Walburg Decl. at ¶9;
15 Exhibit 2, Settlement Agreement Reached at Mediation. Mr. McCarthy and defense
16 lead counsel Sandra Ezell of the Nelson Mullins firm executed the agreement on
17 behalf of Tesla. Walburg Decl. at ¶10.

18 The settlement agreement states that the parties agree that they have reached
19 a "full and final" settlement agreement to resolve the case for a confidential sum,
20 "subject to approval by Defendant's Executive committee, which will be decided upon
21 no later than 9.30.24." Exhibit 2 at ¶1. Additional terms include that Tesla would pay
22 Plaintiff's share of Mr. Safon's mediation fee. *Id.* at ¶2.

23 Plaintiff's counsel reasonably believed that approval of the "Executive
24 Committee" was merely a formality and that the case would be finally resolved by the

---

[1] Prior to the mediation session, all attendees expressly agreed in writing that the written settlement agreement resulting from the mediation was subject to disclosure and excepted from the general rule of mediation confidentiality. Walburg Decl. at ¶19; Exhibit 3, Mediation Agreement.

stated deadline. Walburg Decl. at ¶11. The agreed deadline for the member(s) of Tesla's "Executive Committee" to approve the settlement has now lapsed. *Id.* at ¶12.

### D. Tesla's Conduct Caused Delay and Unnecessary Expense

When the mediation session convened on September 13, 2024, important case deadlines and events were fast approaching. For example, Tesla had discovery responses due on September 27, 2024, and an expert inspection of the subject vehicle's electronic components was scheduled for October 15, 2024. Walburg Decl. at ¶13. In a good faith effort to facilitate resolution of this matter, Plaintiff's counsel agreed to Tesla's requests to extend the deadline for Tesla's discovery responses. Tesla ultimately served responses on October 21, 2024. *Id.* at ¶14.

The case's settlement also meant that it was impracticable to maintain the October 15, 2024 vehicle electronics inspection date. The inspection procedure must be performed by experts in a sophisticated laboratory, requiring Plaintiff to bear enormous non-refundable costs for facility fees, expert preparation time, and shipping costs. Walburg Decl. at ¶14. Plaintiff could not encumber these expenses while the settlement was pending, and therefore had no choice but to delay the inspection. *Id.* On October 18, 2024, Plaintiff notified Tesla that the inspection will go forward on November 6, 2024, the earliest date the laboratory is available. *Id.* at ¶16. Tesla has not yet indicated whether it will attend the inspection on this date. *Id.*

Finally, Plaintiff incurred unnecessary attorney's fees because her counsel prepared for and attended the mediation due to Mr. McCarthy's failure to give notice that he lacked settlement authority. The reasonable attorney fees for this period total $9,600. Walburg Decl. at ¶17-18. This requested amount does not include the numerous hours spent drafting Plaintiff's mediation brief and exhibits, discussing the mediation with Mrs. Leach and the mediator before and after the mediation, and the time spent preparing this motion. *Id.* at ¶18.

///

## II. LEGAL ARGUMENT

### A. Tesla's Failure to Provide a Representative with Settlement Authority at Mediation Violated This Court's Orders

When a court orders a corporate party to participate in mediation, it is axiomatic that the corporation satisfies the requirement by attendance of a representative with final authority to settle the dispute. Indeed, every District Court in California imposes the same fundamental mandate on corporate participants to mediation proceedings. *See* N.D. Cal. ADR LR 6-10(a); C.D. Cal. LR 16-15.5(b); S.D. Cal. Med. & Arb. Rule 600-7(c); E.D. Cal. LR 271(k)(1)(A).

As one court explained simply, the rule exists because "[m]eaningful negotiations cannot occur if the only person with authority to actually change their mind and negotiate is not present. [. . .] The absent decision-maker cannot participate in good faith in the ADR conference without being present for the conference." *Nick v. Morgan's Foods, Inc.*, 99 F.Supp.2d 1056, 1063-1064 (E.D. Mo. 2000.); *accord. Campagnone v. Enjoyable Pools & Spas Service & Repairs, Inc.*, 163 Cal.App.4th 566, 569 (2008), as modified on denial of reh'g (June 18, 2008) [for mediation to be effective, all parties must attend with full settlement authority].

Here, the Court ordered the parties to attend private mediation. Dkt. Nos. 18, 33. The Court's ADR Rules do not impose specific attendance requirements upon parties at private mediation. ADR LR 3-4(b). But the express terms of the mediator's engagement in the matter imposed the ubiquitous attendance requirement by instructing the parties that it was "necessary, indeed imperative, that decision makers with full authority be present at the mediation session." Tesla's representative Ryan McCarthy lacked full settlement authority. Tesla and its lawyers therefore violated this Court's orders by failing to meaningfully participate in the mediation.

///

### B. Tesla Is Subject to Sanctions Under Rule 16(f) for Violation of the Court's Order to Attend Mediation

An order to attend mediation is a pretrial order within the meaning of Federal Rule of Civil Procedure 16(f) governing sanctions, which provides: "(1) On motion […] the court may issue any just orders, including, those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party […](c) fails to obey a schedule or other pretrial order."

Indeed, the Ninth Circuit has repeatedly held that a party's failure to attend a court-ordered mediation with a proper representative is sanctionable. *See, e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming sanctions for failure to attend mediation with appropriate representative); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order to have representative with settlement authority available by telephone during settlement conference.)

Courts have great discretion in fashioning a remedy for violations of Rule 16. *Official Airline Guides, supra*, 6 F.3d at 1396. However, "[th]e sanction must include repayment of reasonable expenses incurred because of any non-compliance with this rule, including attorney's fees, unless the judge finds that the non-compliance was substantially justified or circumstances make an award of expenses unjust." *Alroma, LLC v. Silverleaf Financial LLC*, Case No. 2:11-CV-01393GMN-GWF, 2012 WL 1532550, at *1.

Here, there is no question that Tesla's failure to appear with authority at the court-ordered mediation is sanctionable. There can be no dispute that Mr. McCarthy lacked authority to fully settle the case. Neither can Tesla dispute that Plaintiff was never notified that Mr. McCarthy lacked settlement authority prior to the mediation, nor that Plaintiff's counsel only learned that Mr. McCarthy lacked authority six hours into the mediation. An award of sanctions in the form of attorney's fees is therefore appropriate.

## C. Tesla's Representative Should Be Sanctioned for Bad-Faith Failure to Disclose that He Lacked Settlement Authority

"[A] district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith.... Either supports the imposition of sanctions." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). A party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978). "When a losing party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons,' sanctions under the court's inherent powers may take the form of attorney's fees." *Great Dynasty Int'l Financial Holdings Ltd. v. Haiting Li*, No. C-13-1734 EMC, 2014 WL 3381416, *6 (N.D.Cal. July 10, 2014) (*quoting Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)).

In addition, "[a]ny attorney [. . .] who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Here, Plaintiff requests that the Court sanction Mr. McCarthy pursuant to its inherent authority and 28 U.S.C. 1927 for failing in bad faith to notify Plaintiff's counsel that he lacked settlement authority in advance of the mediation. When Plaintiff attended the mediation, she had every right to expect that if she negotiated in good faith and reached an agreement with Mr. McCarthy, she could resolve her claims against Telsa. She had every right to expect that an agreement at mediation with Mr. McCarthy would finally relieve the heavy emotional burden that weighed on her throughout this litigation, a constant reminder of her husband's tragic death.

Mr. McCarthy created such false hopes by appearing at the mediation to negotiate without notifying Plaintiff that he had no freedom to make a deal. Moreover, circumstances suggest that Mr. McCarthy did so wantonly, deliberately,

and in bad faith. Mr. McCarthy is an experienced product liability attorney who knows that he cannot settle a case without authority. He certified on Tesla's behalf that he had read the Court's ADR Procedures Handbook, which states several times that attendance with authority is required in ADR proceedings. Dkt. No. 15; ADR Procedures Handbook at pgs. 6, 8, and 10. His conduct was oppressive in that it deprived Plaintiff of the opportunity to move this Court to compel attendance of someone with actual authority to settle. His conduct also delayed the litigation, forcing Plaintiff to wait in vain for the "Executive Committee" to approve the settlement. Mr. McCarthy should therefore face sanctions.

### D.     Plaintiff's Evidentiary Showings Are Admissible Under California's Mediation Privilege Laws

Plaintiff acknowledges that California's stringent policies concerning confidentiality and inadmissibility of mediation communications apply in this case, as the jurisdictional basis over Plaintiff's state law claims is diversity jurisdiction. Fed.R.Evid. 501.

"California mediation and confidentiality statutes [. . .] forbid the discovery or admission of 'evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or mediation consultation,' *see* Cal. Evid.Code § 1119(a), which includes any 'writing[s]' Cal. Evid.Code § 1119(b), or 'communications,' Cal. Evid.Code § 1119(c)." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 12-2214 SI, 2012 WL 3730534, at *2 (N.D. Cal. Aug. 27, 2012) (Illston, J.).

These statutes bar disclosure of communications made during the mediation absent an express statutory exception. *Foxgate Homeowners' Ass'n, Inc. v. Bramalea California, Inc.*, 26 Cal. 4th 1, 15, 25 P.3d 1117, 1126 (2001). A party, however, may report obstructive conduct to the court. *Id.* at 1128. For example, in *Foxgate*, the California Supreme Court held that a declaration of counsel stating that the mediator

had ordered the parties to be present with their experts did not run afoul of mediation confidentiality. *Id*. at fn. 14. Moreover, "neither section 1119 nor section 1121 prohibits a party from revealing or reporting to the court about noncommunicative conduct, including violation of the orders of a mediator or the court during mediation." *Id*.

Indeed, the California Court of Appeal has repeatedly held that the failure of a party's representative to attend mediation with settlement authority in violation of local rules is *conduct* which may be reported to the court as a basis for sanctions. *Campagnone v. Enjoyable Pools & Spas Serv. & Repairs, Inc.*, 163 Cal.App.4th 566, 572 (2008), *as modified on denial of reh'g* (June 18, 2008); *Ellerbee v. Cnty. of Los Angeles*, 187 Cal.App.4th 1206, 1217 (2010). California law therefore does not prohibit Plaintiff from disclosing to this Court that Mr. McCarthy lacked settlement authority as a basis for requesting sanctions.

Beyond this, all other evidence attached to this Motion concerning the mediation falls squarely within an express statutory exception to mediation confidentiality. The Engagement Letter attached as Exhibit 1 and the Mediation Agreement attached as Exhibit 3 are agreements to mediate the dispute, which are expressly admissible under Evidence Code § 1120(b)(1). The Settlement Agreement Reached at Mediation attached as Exhibit 2 is also admissible because the parties expressly agreed in writing that "a written settlement agreement resulting from the mediation process" is subject to disclosure and excepted from the mediation privilege.

Otherwise, Plaintiff raises no statement, communication, or writing made for the purpose of, in the course of, or pursuant to, a mediation or mediation consultation.

### III.   CONCLUSION

To be clear, no one can force a party to settle a case. But the Court can require parties to attend mediation and participate. Tesla and its attorneys' failure to do so is

1 a violation of a Court order and subjects them to sanctions. Based on the foregoing,
2 Plaintiff requests monetary sanctions in the amount of $9,600, representing the
3 reasonable attorney's fees of Plaintiff's counsel for the time spent attending the
4 mediation session.

Respectfully Submitted,

Dated: October 25, 2024       McCUNE LAW GROUP, APC

By: */s/ Todd A. Walburg*
TODD A. WALBURG
SCOTT B. BAEZ
Attorneys for Plaintiff
DONNA LEACH, individually and
on behalf of the Estate of Clyde Leach

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I filed the foregoing document entitled **PLAINTIFF'S NOTICE AND MOTION FOR SANCTIONS AGAINST TESLA, INC. FOR MEDIATION MISCONDUCT**, with the clerk of this court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/Todd A. Walburg
Todd A. Walburg