Todd A. Walburg (SBN 213063)
taw@mccunewright.com
Scott B. Baez (SBN 330485)
sbb@mccunewright.com
**MCCUNE LAW GROUP, APC**
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff DONNA LEACH,
individually and on behalf of the
Estate of Clyde Leach

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, individually and on behalf of the Estate of Clyde Leach,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 23-cv-03378-SI<br><br>Honorable Susan Illston<br><br>Action Filed: April 11, 2023 (Santa Clara Super. Ct.)<br>Transfer Date: July 6, 2023<br><br>**DECLARATION OF TODD A. WALBURG IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST TESLA, INC. FOR MEDIATION MISCONDUCT**<br><br>Date: November 29, 2024<br>Time: 10:00 a.m.<br>Courtroom 1 (Via Zoom)<br><br>Action Filed: April 11, 2023<br>Trial Date: July 21, 2025 |

I, Todd A. Walburg, hereby declare as follows:

1. I am a partner at McCune Law Group, the attorneys representing Plaintiff Donna Leach, individually and on behalf of the Estate of Clyde Leach, in this action.

2. I have personal knowledge of the facts in this declaration. If called as a witness, I could and would competently testify to these facts.

1

3. This declaration is made in support of Plaintiff's Motion for Sanctions Against Tesla, Inc. for Mediation Misconduct.

4. Upon his selection, mediator Brad J. Safon of Safon Mediation, Inc. issued an Engagement Letter outlining his requirements for the mediation, including, that "[i]t is necessary, indeed imperative, that decision makers with full authority be present at the mediation session." Attached hereto as **Exhibit 1** is a true and correct copy of that Engagement Letter.

5. On September 13, 2024, Plaintiff Donna Leach, myself, and my colleague Scott Baez proceeded with the mediation believing that Tesla's representative at the mediation, Ryan McCarthy, was a decision maker with full settlement authority as required by Mr. Safon's terms.

6. I am informed and believe that Ryan McCarthy is Tesla's Deputy General Counsel for Product Litigation.

7. Prior to the mediation, I never received notice that Mr. McCarthy was not capable of binding the company to a settlement agreement.

8. Instead, approximately six hours into the mediation session, when I believed we were close to an agreement, I learned for the first time that Mr. McCarthy lacked full settlement authority.

9. With options limited by the discovery of Tesla's violation of the mediation rules after six hours of negotiations, Plaintiff ultimately decided to resolve the case that day, and both parties signed a written settlement agreement. Attached hereto as **Exhibit 2** is a true and correct copy of that Settlement Agreement Reached at Mediation.

10. Mr. McCarthy and defense lead counsel Sandra Ezell of the Nelson Mullins firm executed the agreement on behalf of Tesla

11. I reasonably believed that approval of the "Executive Committee" was merely a formality and that the case would be formally and finally resolved by the stated deadline.

12. The agreed deadline for the member(s) of Tesla's "Executive Committee" to approve the settlement has now lapsed.

13. When the mediation session convened on September 13, 2024, important case deadlines and events were fast approaching. For example, Tesla had discovery responses due on September 27, 2024, and an expert inspection of the subject vehicle's electronic components was scheduled for October 15, 2024.

14. In a good faith effort to facilitate resolution of this matter, I agreed to Tesla's requests to extend the deadline for Tesla's discovery responses, which Tesla ultimately served on October 21, 2024.

15. The case's settlement also meant that it was impracticable to maintain the October 15, 2024 vehicle electronics inspection date. The inspection procedure must be performed by experts in a sophisticated laboratory, requiring Plaintiff to bear enormous non-refundable costs for facility fees, expert preparation time, and shipping costs. Plaintiff could not encumber these expenses while the settlement was pending, and therefore had no choice but to delay the inspection.

16. On October 18, 2024, Plaintiff notified Tesla that the inspection will now go forward on November 6, 2024, the earliest date the laboratory is available. Tesla has not yet indicated whether it will attend the inspection on this date.

17. Plaintiff incurred unnecessary attorney's fees because her counsel prepared for and attended the mediation without knowing that Mr. McCarthy lacked settlement authority.

18. The reasonable attorney's fees for the time spent in the mediation is $9,600, which is calculated as 8 hours at $800 per hour to myself, and 8 hours at $400 per hour for my colleague Scott Baez. These hourly rates are reduced from our normal hourly rates for purposes of this motion only, and this requested amount does not include the numerous hours spent drafting Plaintiff's detailed mediation brief and exhibits, discussing the mediation with Mrs. Leach and the mediator before and after the mediation, and the time spent preparing this motion.

1  19.  Prior to the mediation session, all attendees signed a Mediation Agreement expressly agreeing in writing that the written settlement agreement resulting from the mediation was subject to disclosure and excepted from the general rule of mediation confidentiality. Attached hereto as **Exhibit 3** is a true and correct copy of that Mediation Agreement.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 25th day of October in 2024 in Lafayette, California.

*/s/ Todd A. Walburg*
Todd A. Walburg

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I filed the foregoing document **DECLARATION OF TODD A. WALBURG IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST TESLA, INC. FOR MEDIATION MISCONDUCT**, with the clerk of this court using the CM/ECF system, which will send notice of electronic filing to all counsel of record in this action.

*/s/Todd A. Walburg*
Todd A. Walburg