**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
sandra.ezell@nelsonmullins.com
Eden M. Darrell (SBN: 295659)
eden.darrell@nelsonmullins.com
1021 E. Cary Street, Suite 2120
Richmond, VA 23219
Telephone:    804.533.2900
Facsimile:    804.616.4129

Trevor C. Zeiler (SBN: 325543)
trevor.zeiler@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:    424.221.7400
Facsimile:    424.221.7499

Dennis A. Hom (Pro Hac Vice)
dennis.hom@nelsonmullins.com
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone:    404.322.6000
**FACSIMILE:         404.322.6381**

**DYKEMA GOSSETT LLP**
JAMES M. GOLDEN, State Bar. No. 281791
  *jgolden@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant,
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNA LEACH, individually and on behalf of the Estate of Clyde Leach,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO.:  5:23-cv-03378**<br><br>(Removed from Santa Clara County Superior Court Case No. 23CV414572)<br><br>**DEFENDANT TESLA, INC.'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS** |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:**

1

**PLEASE TAKE NOTICE** that on a date and time to be determined per the Court's Standing Order, defendant Tesla, Inc. ("Tesla") will, and hereby does, move for an order striking Plaintiff's Motion for Sanctions and supporting papers (Dkts. 41, 41-1, 41-2, 41-3, 41-4, and 41-5) (the "motion"). In the alternative, Tesla requests that the Court enter an order sealing the motion.

The Court should strike Plaintiff's motion because Plaintiff's counsel has disclosed the contents of confidential mediation communications, in violation of the ADR Local Rules and California Evidence Code section 1119(c), 1123, and 1126.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and upon such further evidence and argument as the Court may consider at any hearing on this motion.

DATED: November 1, 2024          Respectfully submitted,

                                  DYKEMA GOSSETT LLP


                                  By:     */s/James M. Golden*
                                          JAMES M. GOLDEN
                                          Attorneys for Defendant,
                                          TESLA, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's counsel has flagrantly violated the Local ADR Rules and California Evidence Code section 1119(c) by disclosing the contents of confidential communications made during the recent but unsuccessful mediation. Plaintiff accuses Tesla's in-house counsel Ryan A. McCarthy of attending the mediation without having the requisite settlement authority, describes the purported status of the mediation after "six hours of negotiations," and impliedly comments on the positions taken by the parties at the mediation and their views on the merits. Plaintiff goes so far as to indicate that a settlement amount was agreed upon, and even attaches what she admits is a nonbinding, nonfinal, and conditional settlement agreement to her motion.

ADR Local Rule 6-12(a) requires the parties and their counsel to "treat as 'confidential information' the contents of the written Mediation Statements, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any Mediation." Plaintiff and her counsel have violated this rule by repeatedly disclosing confidential mediation information — information that is not even relevant to whether Tesla's representative had "full" settlement authority (the purported rules violation for which Plaintiff claims she seeks redress). Plaintiff's counsel has also violated the California mediation privilege, which "prohibits any person, mediator and participants alike, from revealing any written or oral communication made during mediation."[1]

Not content with publicly disclosing the parties' confidential mediation information, Plaintiff's counsel has also talked to the press. He told at least one reporter: "This is a just case, and a grieving widow who lost her husband in a Tesla crash deserves some closure rather than having the rug pulled out from under her after a mediation."[2] Plaintiff's false accusations have

---

[1] *Foxgate Homeowners' Assn. v. Bramalea California, Inc.*, 26 Cal.4th 1, 13 (2001).

[2] *See* https://www.xm.com/th/research/markets/allNews/reuters/tesla-faces-sanctions-bid-in-california-wrongful-death-lawsuit-53954682.

been published in at least three separate media articles.[3] Plaintiff is unhappy that there was no settlement and no meeting of the minds, and her counsel is relying on confidential mediation information to try to leverage sympathy in the press for his client — and all for the improper purpose of attempting to coerce Tesla into agreeing to settle the case.

If Plaintiff truly believed that Tesla had violated the ADR Local Rules, Plaintiff's counsel could have instituted an informal complaint as provided in ADR Local Rule 2-4(a), submitted a formal complaint to the ADR Magistrate Judge in accordance with Rule 2-4(b), or both. ADR Local Rule 2-4(b) expressly provides that the complaint must be labelled Confidential, must not be filed, and must not be disclosed to the presiding Judge. These protections exist for a reason: to prevent the public disclosure of confidential mediation communications while the ADR Magistrate Judge investigates the alleged violations to determine if they have merit. By electing to publicly file the motion and speak to the press, Plaintiff has denied Tesla these protections. At the very least, Plaintiff should have, but did not, request permission to publicly file the confidential mediation information.

Plaintiff has attempted to place Tesla in a bind. Tesla knows that Plaintiff's allegations are false and misleading, but Tesla cannot fully refute them — or provide the necessary context to understand what happened in the mediation — without revealing the contents of confidential communications made during and after the mediation. Indeed, Tesla cannot even respond to Plaintiff's motion without restating the confidential information Plaintiff's counsel has already disclosed.[4]

It is no longer possible to unring the bell. Now that Plaintiff's counsel has publicly

---

[3] *See Id.*; https://www.law360.com/productliability/articles/2252856/tesla-atty-faces-sanctions-bid-over-mediation-appearance; https://www.reuters.com/legal/litigation/tesla-faces-sanctions-bid-california-wrongful-death-lawsuit-2024-10-28/.

[4] Tesla limits its discussion of confidential information in this motion to strike to that which Plaintiff already has improperly disclosed in her motion. Tesla has much more to say in response to Plaintiff's arguments but will only do so in the proper forum and at an appropriate time. Tesla is taking this precaution both out of respect for the rules governing the mediation process, and to protect Plaintiff's own right to keep mediation information confidential.

disclosed the parties' mediation communications, in both this Court and the press, it is no longer possible to prevent the public from knowing matters they never should have been told. Plaintiff's counsel has also attempted to irreparably damage Tesla's reputation by suggesting to the press that Tesla does not take its mediation obligations seriously, all to the detriment of a "grieving widow." Tesla should not be required to respond to Plaintiff's improper motion in this forum when doing so would place Tesla in the untenable position of being forced to chose between either further disclosing the parties' confidential mediation communications, in violation of the mediation rules, or foregoing a full and vigorous defense to the incorrect allegations raised in the motion.

To be clear, Plaintiff's allegations are false. As Tesla will explain if it is required to respond to Plaintiff's motion, Mr. McCarthy did have full settlement authority at the mediation. As a first step, however, the Court should strike Plaintiff's Motion because it is improperly premised entirely on confidential mediation communications, in violation of the ADR Local Rules and the California mediation privilege. Tesla also will be pursuing all appropriate remedies in the manner required by the ADR Local Rules.

## II. ARGUMENT

### A. The Court should strike Plaintiff's motion because it discloses confidential mediation communications and settlement information, in violation of the ADR Local Rules.

The Court should strike Plaintiff's motion and supporting documents because they are replete with — indeed, based on — confidential mediation communications that should not have been made public, in violation of the Local ADR Rules and the California mediation privilege.

"[C]ourts have inherent power to strike inappropriate materials such as confidential mediation and settlement information that are improperly part of the public record." *See Jones v. Metro. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 113219, at *16 (N.D. Cal. Oct. 15, 2010); *see also Shields v. Fed'n Internationale De Natation*, 2022 U.S. Dist. LEXIS 18043, at *4 (N.D.Cal. Feb. 1, 2022) (striking brief that did not comply with ADR L.R. 7-4). This power derives from the courts' inherent authority to control their dockets and to impose appropriate sanctions in the exercise of that discretion. *See Jones*, 2010 U.S. Dist. LEXIS 113219 at * 16; *Atchison, Topeka &*

*Sante Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

It is fundamental that "communications occurring in mediations sponsored by federal district courts should be confidential." *Olam v. Cong. Mortgage Co.*, 68 F. Supp. 2d 1110, 1121 (N.D. Cal. 1999). As the Ninth Circuit has explained: "[T]he success of mediation depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case; and upon the ability of the mediator to maintain a neutral position while carefully preserving the confidences that have been revealed." *In re County of Los Angeles*, 223 F.3d 990, 993 (9th Cir. 2000). The federal ADR Act thus provides that each district court "shall" adopt local rules that "provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 652(d).

Pursuant to this authority, the Northern District of California has enacted the ADR Local Rules, which "apply to all civil actions filed in this Court." ADR L.R. 1-2(b). ADR Local Rule 6-12 governs the confidentiality of mediations. ADR Local Rule 6-12(a) provides:

> Except as provided in subdivision (b) of this local rule, this Court, the mediator, all counsel and parties, and any other persons attending the Mediation shall treat as "confidential information" the contents of the written Mediation Statements, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any Mediation. Confidential information" shall not be:
>
> (1) Disclosed to anyone not involved in the litigation;
>
> (2) Disclosed to the assigned Judge; or
>
> (3) Used for any purpose, including impeachment, in any pending or future proceeding in this Court.

ADR L.R. 6-12(a). These rules were drafted "with the intent of protecting the confidentiality of mediation communications" to the "maximum extent possible." *Jones*, 2010 U.S. Dist. LEXIS 113219, at *32 (N.D. Cal. Oct. 15, 2010). "[I]f counsel nevertheless believes the need to disclose such information outweighs the importance of protecting its confidentiality, court approval should be obtained prior to any disclosure." *Id*. A party does not have the right to "unilaterally violate the local rules and breach the sanctity of the settlement proceedings just because it decided it was

in its interest to do so." *Shields*, 2022 U.S. Dist. LEXIS 18043, at *4.

Plaintiff's motion violates ADR Local Rule 6-12(a) in any number of ways. First, Plaintiff's entire motion is premised on what supposedly happened and what was said during the mediation. Plaintiff contends that the case "conditionally settled" subject to approval by Tesla's "Executive Committee." But, as Plaintiff admits, the parties did not agree to a final or enforceable settlement. Second, Plaintiff's counsel describes what happened during the mediation, including that there were "six hours of negotiations," and that he supposedly "learned something" at that time. Third, Plaintiff has implied what positions were taken at the mediation and the parties' views of the merits of the case by contending that the case was "close" to settling, and that it did "conditionally" settle for some sum of money. Fourth, Plaintiff has disclosed this confidential information directly to the assigned judge and to people not involved in the litigation, including the press. Fifth, Plaintiff did not seek court approval before disclosing the confidential information. Therefore, and because Plaintiff's motion is replete with confidential information that never should have been made part of the public record, it should be stricken.

If Plaintiff's counsel truly believed that Tesla had failed to comply with the requirement that its representative have "final authority to settle" at the mediation, he should have followed the mandatory procedure set forth in ADR Local Rule 2-4. Local Rule 2-4 gives a party two complementary options party should follow if it believes that a mediation participant has materially violated the ADR Local Rules. First, Local Rule 2-4(a) provides that a party may submit an informal complaint to the ADR Director. L.R. 2-4(a). Second, a party may present a formal complaint in writing to the ADR Magistrate Judge. L.R. 2-4(b)(1). Importantly, "[t]he letter of complaint and declaration must be marked 'Confidential–Not to be Filed' and must neither be filed nor disclosed to the assigned Judge." *Id.*

Plaintiff's failure to follow this required procedure has materially prejudiced Tesla because, instead of submitting a confidential written complaint to the ADR Magistrate Judge, she publicly filed the motion. As a result, confidential mediation information is now available to anyone with a PACER account. What's more, Tesla cannot fully respond to Plaintiff's motion without further disclosing confidential mediation communications and exposing Plaintiff's

confidential mediation information to the public.  If Plaintiff had followed the rules and submitted a complaint to the ADR Magistrate Judge, Tesla would have been able to submit a confidential response, in which Tesla could have fully explained what happened at the mediation, including why Plaintiff's assertions in the motion are false and misleading.  Because Plaintiff instead publicly filed her Motion, Tesla is not able to respond to Plaintiff's assertions without revealing confidential information, including information that Plaintiff would not want disclosed to the public.  Accordingly, the Court should strike Plaintiff's motion.

### B.     Plaintiff's Motion also violates the California mediation privilege.

In addition to violating the ADR Local Rules, Plaintiff's motion also violates the California mediation privilege.[5]  California Evidence Code section 1119(c) provides: "All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential."  Further, "[a]nything said, any admission made, or any writing that is inadmissible, protected from disclosure, and confidential under this chapter before a mediation ends, shall remain inadmissible, protected from disclosure, and confidential to the same extent after the mediation ends."  Cal. Evid. Code § 1126.  The "purpose of confidentiality is to promote a candid and informal exchange regarding events in the past.  This frank exchange is achieved only if the participants know that what is said in the mediation will not be used to their detriment through later court proceedings and other adjudicatory processes."  *Foxgate Homeowners' Assn.* , 26 Cal.4th 1, 14 (2001) (cleaned up).

As the California Supreme Court has repeatedly explained, "Section 1119 prohibits any person, mediator and participants alike, from revealing any written or oral communication made during mediation." *Id.* at 13; *see also Cassel v. Superior Court* 51 Cal.4th 113, 128 (2011) ("It follows that, absent an express statutory exception, all discussions conducted in preparation for a mediation, as well as all mediation-related communications that take place during the mediation itself, are protected from disclosure.").  Indeed, "[e]xcept in cases of express waiver or where due

---

[5] As Plaintiff admits, the mediation privilege applies to this proceeding under Federal Rule of Evidence 501.

8
DEFENDANT TESLA, INC.'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS

process is implicated, we have held that mediation confidentiality is to be strictly enforced." *Simmons v. Ghaderi*, 44 Cal. 4th 570, 582 (2008).  A party is not even permitted to reveal its own attorney's mediation communications as grounds for an attorney malpractice action.  *Cassel*, 51 Cal.4th at 134 (2011).  In short, and as the California Court of Appeal put it: "Our Supreme Court has broadly applied the mediation confidentiality statutes and has all but categorically prohibited judicially crafted exceptions, even in situations where justice seems to call for a different result." *Amis v. Greenberg Traurig LLP*, 235 Cal.App.4th 331, 338 (2015).

Plaintiff's motion violates section 1119(c) because it includes — indeed, it is based on — "communications, negotiations, [and] settlement discussions" made during the course of the mediation.  These communications did not lose their confidentiality just because the case did not ultimately settle.  Certainly no exception exists just because a party mistakenly believes she had "the rug pulled out from under her after a mediation."  What's more, the mediation privilege prevents Tesla from further disclosing confidential mediation communications in response to Plaintiff's motion, including communications that would damage Plaintiff's position or that she otherwise would not want to be made public.

By attaching the conditional settlement agreement to her motion, Plaintiff has also violated California Evidence Code section 1123.  Section 1123 provides that a written settlement agreement may only be disclosed if "(a) The agreement provides that it is admissible or subject to disclosure, or words to that effect[;] (b) The agreement provides that it is enforceable or binding or words to that effect[;] (c) All parties to the agreement expressly agree in writing, or orally in accordance with Section 1118, to its disclosure [or ;] (d) The agreement is used to show fraud, duress, or illegality that is relevant to an issue in dispute." Cal. Evid. Code § 1123.  None of these conditions exist here:  the agreement does not provide that it is subject to disclosure; it does not state that it is enforceable or binding — because it is "conditional," the opposite is true; the parties did not agree to its disclosure; and it is not relevant to any substantive issues in dispute.  Plaintiff admits that the agreement is not enforceable or binding, and she has not filed, and could not legitimately file, a motion to enforce any settlement.  Instead, she contends only that Mr. McCarthy did not have full settlement authority at the mediation.  She did not need to disclose the

1 contents of the parties' conditional, unenforceable agreement to make these contentions. Thus, the
2 written agreement should have remained confidential. By publicly filing it, Plaintiff further
3 violated California's mediation privilege. For these additional reasons, the Court should strike
4 Plaintiff's motion.

### C. In the alternative, the Court should seal Plaintiff's motion.

Tesla should not be required to respond to a procedurally improper motion that never should have been filed, and which is predicated on numerous violations of the ADR Local Rules and the mediation privilege. At a bare minimum, however, and in the event the Court is not inclined to strike Plaintiff's motion, the Court should remove it from the public docket and file it under seal. *See Jones*, 2010 U.S. Dist. LEXIS 113219, at *2-3 ("the Court files portions of this Order under seal in order to preserve the confidentiality of ADR statements and proceedings.")

## III. CONCLUSION

Disappointed that the case did not settle, Plaintiff has filed a public document detailing the parties' confidential mediation communications. That motion violates the ADR Local Rules and the California Mediation privilege, and never should have been filled. Accordingly, Tesla respectfully requests that the Court enter an order striking Plaintiff's motion for sanctions and supporting papers. In the alternative, Tesla requests that the Court enter an order sealing these items.

DATED: November 1, 2024          Respectfully submitted,

                                 DYKEMA GOSSETT LLP


                                 By:      */s/James M. Golden*
                                       JAMES M. GOLDEN
                                       Attorneys for Defendant,
                                       TESLA, INC.

DEFENDANT TESLA, INC.'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS