UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03378-SI<br><br>**ORDER DENYING AND SEALING MOTION FOR SANCTIONS AND DENYING AS MOOT MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 41, 45 |

Plaintiff has asked the Court to impose discretionary sanctions under Federal Rule of Procedure 16(f) on counsel for defendants for allegedly failing to attend a private mediation session without settlement authority. Dkt. No. 41. Relying on this district's local rules and the statutory requirements for maintaining confidentiality in mediation in California Evidence Code section 1115 et seq., defendant has filed a motion requesting that the Court strike plaintiff's motion or, alternatively, seal the motion. Dkt. No. 45. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are suitable for resolution without oral argument, and VACATES the December 6, 2024 hearing for each motion.

Both parties cite to the district's local Alternative Dispute Resolution (ADR) rules, but these rules expressly do not apply private mediation. ADR Local Rule 3-4(b). California's mediation privilege applies, however, and dictates that "[a]ll communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential." Cal. Evid. Code § 1119(c). Plaintiff argues that its motion for sanctions is based on conduct, not communication, but the Court cannot fairly evaluate the request without also considering communications, which it is not allowed to do. California's mediation confidentiality statutes are so strong that they can sometimes compromise the ability to prove claims,

yet still they govern. *See Cassel v. Superior Ct.*, 244 P.3d 1080, 1084 (2011). Thus, the Court DENIES plaintiff's motion for sanctions.

If the parties had engaged in court-sponsored mediation rather than private mediation, the complaint procedures in the ADR Local Rules would apply. The Court encourages plaintiff to inquire with the private mediation practice used by the parties as to whether it has are analogous procedures that might be available to plaintiff.

The Court DENIES as moot defendant's motion to strike. Since plaintiff's motion contains information about communications made during mediation, the Court ORDERS Docket Number 41 sealed in its entirety, including attachments.

**IT IS SO ORDERED**.

Dated: November 6, 2024

_____
SUSAN ILLSTON
United States District Judge