**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
sandra.ezell@nelsonmullins.com
Eden M. Darrell (SBN: 295659)
eden.darrell@nelsonmullins.com
1021 E. Cary Street, Suite 2120
Richmond, VA 23219
Telephone:     804.533.2900
Facsimile:      804.616.4129

Ian G. Schuler (SBN: 275052)
ian.schuler@nelsonmullins.com
750 B. Street, Suite 2200
San Diego, CA 92101
Telephone:     619.489.6110
Facsimile:      619.821.2834

Trevor C. Zeiler (SBN: 325543)
trevor.zeiler@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:     424.221.7400
Facsimile:      424.221.7499

Dennis A. Hom (Pro Hac Vice)
dennis.hom@nelsonmullins.com
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone:     404.322.6000
Facsimile:      404.322.6381

Attorneys for Defendant
TESLA, INC.

**MCCUNE LAW GROUP**
Todd A. Walburg (SBN: 213063)
taw@mccunewright.com
Scott B. Baez (SBN: 330485)
sbb@mccunewright.com
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Telephone:     909.557.1250
Facsimile:      909.557.1275

Attorneys for Plaintiff
DONNA LEACH, individually and on behalf
of the Estate of Clyde Leach

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, individually and on behalf of the Estate of Clyde Leach,<br><br>          Plaintiff,<br><br>vs.<br><br>TESLA, INC. and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. 3:23-cv-03378-SI<br>(Removed from Santa Clara County Superior Court – Case No. 23CV414572)<br><br>District Judge: Susan Illston<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:    November 15, 2024<br>CMC Time:    3:00 p.m.<br>Action Filed: April 11, 2023<br>Trial Date:    July 21, 2025 |

Plaintiff Donna Leach, individually and on behalf of the Estate of Clyde Leach ("Plaintiff") and Defendant Tesla, Inc. ("Defendant" or "Tesla") (Plaintiff and Defendant are collectively referred to herein as "the Parties"), hereby submit this Joint Case Management Statement.

**1.    Jurisdiction & Service**

Plaintiff filed this action in Santa Clara County Superior Court on April 11, 2023. Defendant Tesla was served on June 6, 2023. The case was removed to this Court on July 6, 2023. (*See* Doc. 1.) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

At this time based on information available, Tesla does not dispute jurisdiction. No additional parties need to be served.

**2.    Facts**

**Plaintiff's Position:**

Plaintiff alleges the following: On April 17, 2021, Clyde Leach was the sole occupant of his 2021 Tesla Model Y ("the Tesla"), which was driving southbound on Allen Road through its intersection with State Route 435 in Jeffersonville, Ohio. The Tesla was operated in significant part by its internal computer system. After the Tesla moved slowly through the intersection, it suddenly accelerated forward without any intentional driver direction or command by Clyde Leach. The Tesla then failed to negotiate a slight curve in the road, and instead departed the roadway and accelerated straight toward an adjacent Speedway gas station. Electronic data extracted from one of the Tesla's microprocessors on November 6, 2024 indicates that Mr. Leach was likely experiencing

a sudden unintended acceleration (SUA) event prior to the crash.

The Tesla's computerized suite of automation and safety features should have detected that the vehicle was hurtling off the road and toward fixed obstacles, including curbs, signage, support columns, gas pumps, and parked vehicles. Nevertheless, the vehicle did not engage its automatic emergency braking, apply braking, reduce acceleration, or otherwise mitigate or prevent a collision with the fixed obstacles ahead.

As a result, the Tesla crashed over a curb, through roadside signage, and ran into a support column adjacent to gas pumps and a parked vehicle. The Tesla impacted the support column at or near its front centerline, between the longitudinal crash rails. Although the crash occurred at moderate speed, and under ordinary and foreseeable conditions, upon impact, the support column tore through beams and cross members that spanned the area between the Tesla's crash rails, causing significant intrusion into the passenger compartment and battery modules. Damage to the battery modules resulted in a chain reaction known as thermal runaway, causing an uncontrollable fire which consumed the Tesla's passenger compartment within seconds of the collision.

Clyde Leach, who was properly restrained by a seatbelt in the driver's seat, suffered multiple injuries in the collision, including blunt force injuries, fractures, spinal cord injuries, internal injuries, and burn injuries, resulting in his death. Plaintiff Donna Leach is the wife of Clyde Leach.

**Tesla's Position:**

Tesla disputes Plaintiff's allegations; there is no defect in the 2021 Model Y that caused or contributed to this crash or decedent's injuries and death. The accident was solely the result of decedent Clyde Leach's improper and unsafe operation of his Model Y. The vehicle's Event Data Recorder (EDR) shows that in the seconds prior to the accident, the driver pressed the accelerator to as much as 100% and did not apply the brake pedal. Plaintiff's characterization that the vehicle "was operated in significant part by its internal computer system" lacks any evidentiary support. The only way the accelerator pedal moves to 100% is if someone presses on it. Plaintiff acknowledges this by asserting that the alleged defect is "sudden unintended acceleration" – i.e., pedal misapplication. There is no allegation or support for an allegation that Tesla's Autopilot driver assist features played any role whatsoever. More likely, the driver experienced some sort of medical episode or

momentary confusion and pressed the accelerator to speed the vehicle off-road and into its ultimate impact. Neither the Model Y nor any other vehicle on the road today is designed to or could have performed differently to avoid this collision.

Investigation is on-going, and Tesla expressly reserves the right to supplement and/or amend its defenses as fact discovery is completed and experts are identified and deposed during the expert discovery period.

**3.     Legal Issues**

**Plaintiff's Position:**

Plaintiff, in her California Superior Court Complaint for Damages and Demand for Jury Trial, has alleged claims for: 1) Strict Products Liability; 2) Negligence; and 3) Survival Action (and accompanying wrongful death claimant standing and damages) against Defendant Tesla, Inc.

**Tesla's Position**:

Tesla denies the 2021 Model Y was defective under any theory and denies it was negligent or that there was an intentional wrongdoing with respect to any aspect of the design or manufacture of the 2021 Model Y or with respect to its warnings or instructions. The accident at issue was solely the result of decedent Clyde Leach's improper use of the 2021 Model Y and failure to operate it safely.

**4.     Motions**

The parties are in the midst of a discovery dispute concerning Tesla's responses to Plaintiff's Interrogatories and Requests for Production of Documents. Plaintiff anticipates filing the precursor to a motion to compel further responses and document production consistent with the Court's Standing Order. It is Tesla's position that any motion to compel at this time would be premature given that the parties have not adequately met and conferred with respect to Plaintiff's discovery requests.

There are no motions currently pending before the Court in this case. Tesla filed a motion to transfer venue which was denied on February 6, 2024. (*See* Doc. 31.) On October 25, 2024, Plaintiff filed a motion for sanctions against Tesla for alleged mediation misconduct, which was denied without a hearing, and the Motion was sealed because it improperly disclosed confidential mediation negotiations. The parties may file pretrial motions (including *Daubert* motions), choice of law motions,

and dispositive motions.

**5.     Amendment of Pleadings**

The Parties do not anticipate any amendments to the pleadings at this time.

**6.     Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The Parties have exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**8.     Discovery**

The Parties have exchanged initial written discovery and documents, and are in the process of conferring with respect to discovery served by Plaintiff on Tesla. Additional written discovery was served by both parties on November 6, 2024. The parties have completed depositions of Plaintiff Donna Leach, decedent's son, and two officers at the accident scene.  The Court has entered a protective order submitted by the parties.

The Parties completed a joint vehicle inspection on June 20, 2024 in Ohio and a chip swap inspection on November 6, 2024 in North Carolina to retrieve EDR data from the restraint control module.

The Parties further expect to obtain additional documents from third-party entities. Tesla also anticipates deposing at least one additional eyewitness, the coroner, decedent's doctors, and anyone else Tesla identifies as a relevant witness during discovery. Plaintiff anticipates receiving document production(s) from Tesla, reviewing the documents, and deposing Tesla engineers and other witnesses whose identities are revealed as discovery proceeds. Plaintiff has served an F.R.C.P. 30(b)(6) deposition notice of Tesla, Inc. with a date of December 6, 2024, however Tesla has requested to meet and confer regarding the topics. The parties anticipate identifying expert witnesses and deposing any expert witnesses identified by the parties.

**9.     Class Actions**

The above-captioned case is not a class action.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiff is seeking general and special damages in excess of the sum of $75,000.00 arising and resulting from the subject incident.

Tesla denies that the 2021 Model Y is defective and denies that Plaintiff is entitled to any relief requested in the Complaint, or to any relief at all. Tesla is not seeking affirmative relief at this time.

**12.    Settlement and ADR**

The Parties participated in private mediation on September 13, 2024. The matter did not resolve.

**13.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation

**14.    Narrowing of Issues**

The Parties are not presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims, or defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

**15.    Scheduling**

Plaintiff respectfully requests that the trial and related dates be continued so that the parties can complete fact and expert discovery. Prior to Plaintiff's motion for sanctions filing, the Parties had discussed stipulating to a continuance and Plaintiff circulated a proposed stipulation on October 30, 2024 containing the chart below with the following suggested dates. Tesla has not agreed to any of these dates.

/ / /

/ / /

/ / /

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| NON-EXPERT DISCOVERY CUTOFF | 12/6/2024 | 3/7/2025 |
| PLAINTIFFS' DESIGNATION OF EXPERTS | 1/21/2025 | 4/21/2025 |
| DEFENDANT'S REBUTTAL & DISCLOSURES | 2/18/2025 | 5/16/2025 |
| PLAINTIFFS' REBUTTAL | 3/18/2025 | 6/18/2025 |
| EXPERT DISCOVERY CUTOFF | 4/15/2025 | 7/15/2025 |
| DISPOSITIVE MOTIONS FILING DEADLINE | 4/4/2025 | 7/7/2025 |
| OPPOSITIONS DUE | 4/18/2025 | 7/21/2025 |
| REPLY DUE | 4/25/2025 | 8/4/2025 |
| LAST DATE FOR HEARING | 5/9/2025 at 10:00 | 8/15/25 at 10:00 |
| PRETRIAL PAPERWORK DUE | 6/17/2025 | 9/17/2025 |
| PRETRIAL CONFERENCE DATE | 7/1/2025 at 1:30 | 10/1/2025 at 1:30 |
| JURY TRIAL DATE (EST. 21 DAYS) | 7/21/2025 at 8:30 | 10/20/2025 at 8:30 |

**16. Trial**

The Parties have requested a jury trial and estimate it will take three (3) weeks to complete.

**17. Disclosures of Non-Party Interested Entities or Persons**

Tesla filed its Certification of Interested Entities or Persons, as required by Local Rule 3-15 on July 6, 2023. (*See* Doc. 3.) Tesla has no parent corporation and no public corporation owns 10% or more of the company's stock.

**18. Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct of the Northern District of California.

**19. Other**

There are no other matters at this time.

Dated: November 8, 2024                    **MCCUNE LAW GROUP**

                                          BY: _/s/ Todd A. Wahlberg_____
                                              Todd A. Walburg
                                              Scott B. Baez
                                              Attorneys for Plaintiff
                                              DONNA LEACH, individually and on behalf
                                              of the Estate of Clyde Leach

| | |
|---|---|
| Dated: November 8, 2024 | **NELSON MULLINS RILEY & SCARBOROUGH LLP**<br><br>BY:   /s/ Trevor C. Zeiler<br>       Sandra G. Ezell<br>       Eden M. Darrell<br>       Ian G. Schuler<br>       Trevor C. Zeiler<br>       Dennis Hom (Pro Hac Vice)<br>       Attorneys for Defendant<br>       TESLA, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, I filed the foregoing document entitled ***JOINT CASE MANAGEMENT STATEMENT*** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

 */s/ Trevor C. Zeiler*
Trevor C. Zeiler