UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TESLA, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03378-SI<br><br>**ORDER RE: DECEMBER 18, 2024 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 55 |

The parties have presented a discovery dispute to the Court in a joint statement. Dkt. No. 55. They seek the Court's determination or guidance on the following issues: "(1) whether Tesla must produce responsive documents by a date certain; (2) whether Tesla must produce a privilege log; (3) whether objections stated in supplemental responses are untimely and waived; and (4) whether to compel further responses or permit further briefing." *Id.* at 1.

## BACKGROUND

Plaintiff initially submitted Requests for Production of Documents (RPD) numbered 2 through 59 and Special Interrogatories (SPROG) numbered 1 through 14 on August 27, 2024. Dkt. Nos. 55-1, 55-4. The responses were initially due September 27, 2024, but the parties instituted a discovery "moratorium" during mediation. Dkt. No. 55 at 1, 3. The moratorium expired October 21, 2024, on which date defendant Tesla submitted its first set of responses, consisting entirely of objections. Dkt. Nos. 55-2, 55-5. After a conference between the parties on November 7, 2024, Tesla supplemented its responses. Dkt. Nos. 55-5, 55-6. The parties held another conference on December 2, 2024, and two days later plaintiff submitted a written request to Tesla, asking for documents to be produced by December 9, 2024. Dkt. No. 55 at 1-2. Tesla produced some

documents on December 6, 2024 and additional documents on December 16, 2024. *Id.* at 5.

**DISCUSSION**

Plaintiff seeks the Court's order to compel production of additional discovery material by Tesla without referencing the documents that Tesla has already produced. Tesla argues that it has already provided responsive materials. The Court notes that Tesla's initial response was improper boilerplate, but Tesla has taken steps to provide more substantive responses since then. Under the facts and arguments presented, the Court lacks sufficient information to determine whether it should compel Tesla to produce additional material.

The Court orders plaintiff to provide further briefing that describes the specific material she still seeks, taking into account the production that Tesla has already made. If Tesla has previously asserted objections to the discovery of this material, plaintiff should argue why the objections should be overruled by the Court, including any arguments about waiver where applicable. The Court orders plaintiff to file this brief by **January 3, 2025**. Tesla may file a response by **January 7, 2025**. The Court will hold a hearing on the identified disputes on **January 10, 2025**.

Additionally, Tesla asserted objections related to attorney-client privilege or work-product privilege on 48 individual RPDs and 4 individual SPROGs, but has not provided a privilege log. Tesla argues that "[a] privilege log would serve little utility or purpose given the breadth of the request." Dkt. No. 55 at 5. Nonetheless, Rule 26(b)(5) of the Federal Rules of Civil Procedure require a party to "describe the nature of the documents, communications, or tangible things not produced or disclosed" due to the assertion of privilege. Tesla must produce a privilege log for any material it seeks to protect under the attorney-client privilege or work-product privilege, although Tesla need not include direct communications with outside counsel regarding this lawsuit in its privilege log. The Court orders Tesla to provide plaintiff its privilege log by **January 3, 2025**.

**IT IS SO ORDERED**.

Dated: December 23, 2024

_____
SUSAN ILLSTON
United States District Judge