**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
Eden M. Darrell (SBN: 295659)
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:     804.533.2900
Sandra.ezell@nelsonmullins.com
Eden.darrell@nelsonmullins.com

Trevor Zeiler (SBN: 325543)
19191 South Vermont Ave., Suite 900
Torrance, CA 90502
Telephone:     424.221.7400
trevor.zeiler@nelsonmullins.com

Dennis Hom (Pro Hac Vice)
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone:     404.322.6000
dennis.hom@nelsonmullins.com

Attorneys for Defendant TESLA, INC. and Non-party LARS MORAVY

Todd A. Walburg (SBN 213063)
taw@mccunewright.com
Scott B. Baez (SBN 330485)
sbb@mccunewright.com
**MCCUNE LAW GROUP, APC**
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Telephone: (909) 757-1250

Attorneys for Plaintiff DONNA LEACH, individually and on behalf of the Estate of Clyde Leach

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNA LEACH, individually and on behalf of the Estate of Clyde Leach, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC. and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 23-cv-03378-SI <br><br> Hon. Susan Illston <br> Filed: April 11, 2023 (Santa Clara Sup. Ct.) <br> Transfer Date: July 7, 2023 <br><br> **JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING ORDER** <br><br> Discov. Cut-Off:  February 14, 2025 <br> Trial Date:          July 21, 2025 |

Pursuant to Section 3 of Judge Illston's Standing Order, Defendant Tesla and Plaintiff Donna Leach respectfully submit this Joint Statement for determination of, or guidance on whether Plaintiff is entitled to depose Lars Moravy, Tesla's Vice President of Vehicle Engineering. Counsel for the parties met and conferred by teleconference on December 18, 2024. There are 42 days until the close of fact discovery on February 14, 2025, and 199 days until trial.[1]

**<u>TESLA'S POSITION</u>**

**1**.     **Summary of Position**

Tesla objects to the Plaintiff's deposition notice for Lars Moravy on apex doctrine grounds, and seeks a protective order from the Court preventing the deposition. Mr. Moravy is Vice President of Vehicle Engineering at Tesla, one of the highest positions in the company, directly reporting to Tesla's CEO. He is the head engineer and technical lead for a team of over 2,000 engineers, technicians, and analysts. Plaintiff noticed the deposition without conferring with Tesla and without any explanation for why Plaintiff believes Mr. Moravy has unique or superior knowledge about anything relevant to their vague defect claims in this case. Indeed, Plaintiff has not yet taken a Tesla deposition and thus has no reason to believe that Mr. Moravy can answer questions others who will be deposed cannot. Because Plaintiff has failed to show she has exhausted other discovery and that Mr. Moravy has unique and superior knowledge to her claims, the deposition should not proceed.

**2**.     **Background**

On December 6, 2024, without prior notice or conferral, Plaintiff unilaterally noticed the deposition of Lars Moravy to take place less than two weeks later, on December 18, 2024. Tesla requested a conferral and notified Plaintiff the deposition could not go forward on the noticed date. The parties met and conferred on December 18. During the conference, Tesla requested that Plaintiff explain the basis for taking Mr. Moravy's deposition. The only explanation provided was

---

[1] Tesla recognizes this brief is beyond the 5-page limit set by the Court. However, Tesla believes time is of the essence for filing this motion given that Plaintiff—over Tesla's objection—included the issue of Mr. Moravy's deposition in a portion of the joint brief being heard on January 10, 2025.

JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING ORDER

that Mr. Moravy made public representations about the crashworthiness of the front structures of the Tesla Model Y. Plaintiff refused to identify the public statements with any specificity. Plaintiff also argued that the deposition was necessary because Tesla has not identified other engineers in discovery. But Plaintiff has taken a kitchen-sink approach to her product liability claims here, and her broad interrogatories seek the identity of every engineer to ever have contributed to the design or testing of the Model Y. (*See* ROG 23: "Identify – by name, position, employer, and last known address – the engineers who designed and tested Clyde Leach's Tesla Model Y.")

During the meet and confer call, Tesla offered to consider a more narrowed interrogatory so that it could identify potential individuals. Additionally, Tesla had already offered to provide a Rule 30(b)(6) witness to testify generally on the topic of crash testing and related evaluation of performance of front structures in crash testing with respect to the Tesla Model Y (which seems to potentially be a topic Plaintiff seeks discovery on for Mr. Moravy). And, not identifying other engineers in discovery—in a company of more than 130,000 employees—does not give license to Plaintiff to go straight to the top of the engineering hierarchy. Tesla also offered during the call to continue conferring with Plaintiff to narrow what testimony she is seeking in order to identify a more appropriate and less intrusive deponent other than Mr. Moravy, but Plaintiff refused, necessitating this brief. Plaintiff also refused pushing the issue of Mr. Moravy's deposition until after the Tesla corporate representative depositions.

Tesla sent its portion of the brief to Plaintiff on December 23 and requested Plaintiff's portion be returned by 4:00 p.m. on December 30 so it could be filed that day. On December 30, Plaintiff's counsel sent an email two hours before Tesla's 4:00 p.m. deadline advising he just saw the email and would need until January 10 to provide Plaintiff's portion of the brief. Due to the Court's hearing on January 10 with respect to Plaintiff's discovery motion—which included reference to the Lars Moravy deposition over Tesla's objection to its inclusion in that brief—Tesla advised Plaintiff that Mr. Moravy's briefing needed to be filed by January 3 to allow the Court enough time to include the issue in the January 10 hearing if it chose to do so. Thus, the timing and necessity of this brief is a problem of Plaintiff's own making. Both parties agreed to file this

JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING ORDER

brief on January 3—11 days after Tesla sent its portion to Plaintiff.

### 3. Legal Standard and Argument

When a party seeks the deposition of a high-level executive (the "apex" deposition), it must establish that (1) the deponent possesses unique, non-repetitive, firsthand knowledge of relevant information, and (2) the party seeking the deposition has exhausted other less intrusive discovery methods, such as interrogatories and depositions of lower-level employees, to get the information that is needed. *Opperman v. Path, Inc.*, 2015 WL 5852962, at *7 (N.D. Cal. Oct. 8, 2015). This is because courts have recognized that such discovery "creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). "[T]he closer that a proposed witness is to the apex of some particular peak in the corporate mountain range, and the less directly relevant that person is to the evidence proffered in support of his deposition, the more appropriate the protections of the apex doctrine become." *Apple Inc.*, 282 F.R.D. at 263. Generally, courts will refuse to allow the immediate deposition of apex individuals before the depositions of lower-level employees with more intimate knowledge. *Mehmet v. PayPal, Inc.*, 2009 WL 921637, at *5 (N.D. Cal. Apr. 4, 2009). "When a high-level corporate executive lacks unique or superior knowledge of the facts in dispute, courts have found that good cause exists to prohibit the deposition." *Glumetza Antitrust Litig.*, 2020 WL 3498067, at *38 (N.D. Cal. June 29, 2020). Additionally, it is not enough to show firsthand knowledge of relevant information; there must be a showing of unique knowledge of material facts. *See Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. Apr. 3, 2015) ("[Plaintiff] misstates the standard for deposing a CEO, [by] claiming it is sufficient to show . . . 'firsthand knowledge of relevant information.'").

Mr. Moravy has one of the highest positions at Tesla, directly reporting to Tesla's CEO. He is the head engineer and technical lead for a team of over 2,000 engineers, technicians and analysts in charge of all Tesla vehicle hardware design globally, vehicle testing and validation, including but not limited to body, interiors, exteriors, lighting, chassis, battery structures, thermal, etc., development, launch, automation, manufacturing and sustaining as well as all supporting product data management and engineering tools. Given his obligations and responsibilities, it

1  would be a substantial burden and hardship to be deposed in this matter, not only for Mr. Moravy

2  personally, but for Tesla's numerous employees who report to him. Furthermore, with such a broad

3  scope of disciplines reporting up to him, it is even less likely that Mr. Moravy would have the level

4  of intimate familiarity or knowledge that Plaintiff would want or hope to obtain from a deposition

5  that could range in topics from the acceleration system to the structural composition of the chassis

6  to the chemical engineering behind the battery pack.

7      Although Plaintiff has been vague, at best, as to why she needs to depose Mr. Moravy, it

8  is abundantly clear that a public statement, by itself, is insufficient under the apex doctrine to

9  justify the deposition. *Affinity Labs*, 2011 WL 1753982, at *45 ("Courts have repeatedly denied apex

10  depositions even on a showing that the executive made public statements on relevant issues."); *see*

11  *also Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (preventing apex deposition of IBM chairman

12  even though he allegedly authored policy of age discrimination); *Salter v. Upjohn Co.*, 593 F.2d 649,

13  651 (5th Cir. 1979) (preventing deposition of Upjohn's president even though he had testified before

14  Senate concerning the testing, marketing, and use of the product at issue).

15      Even if Plaintiff could show that Mr. Moravy has unique knowledge related to this matter, she

16  has not "exhausted other less intrusive discovery methods, such as interrogatories and depositions of

17  lower-level employees, to get the information that is needed." *Opperman*, 2015 WL 5852962, at *7.

18  Indeed, after multiple weeks, Plaintiff only recently countered Tesla's offer of a Rule 30(b)(6)

19  witness to testify generally on the topic of crash testing and related evaluation of performance of

20  front structures in crash testing with respect to the Tesla Model Y. "Courts generally refuse to allow

21  the immediate deposition of high-level executives, the so-called 'apex deponents,' *before* the

22  depositions of lower level employees with more intimate knowledge of the case." *Mehmet*, 2009 WL

23  921637, at *5 (emphasis in original). Tesla submits the same should be done here. Alternatively, Tesla

24  requests further briefing to address this issue.

25  ### **PLAINTIFF'S POSITION**

26  **1.    Plaintiff's Summary of Position and Facts**

27      Tesla unilaterally selected January 3, 2025 at 4:00 as the deadline for Plaintiff's portion of

28

JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE
OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING
ORDER

1  this joint filing. It is Plaintiff's position that Tesla has not engaged in a good-faith meet and confer

2  process regarding this dispute. In the only meet and confer discussion regarding Lars Moravy,

3  Plaintiff's counsel offered to narrow the scope of Mr. Moravy's deposition once the initial Tesla

4  F.R.C.P. 30(b)(6) topics were completed. But Tesla has yet to produce **any** witnesses.

5      Plaintiff contends that Tesla is seeking to "run out the clock" on the discovery schedule by

6  delaying both 30(b)(6) and individual witness depositions of Tesla employees. In particular, Tesla

7  believes that by delaying the appearance of any 30(b)(6) witnesses, it can prevent Plaintiff from

8  taking depositions of individual witnesses. Because Plaintiff no longer believes that Tesla is acting

9  in good faith, it has no choice but to pursue the depositions that need to be taken before the end of

10  fact discovery.

11      In an effort to obtain discovery from Tesla, Plaintiff sent Tesla (at Tesla's own request),

12  the following list of five priority 30(b)(6) topics on December 18, 2024: "1) collision testing of

13  Tesla Model Y; 2) collision simulation/CAE/finite element analyses of Tesla Model Y; 3) PMM,

14  OAA, AEB in the Tesla Model Y; 4) processes for consumer complaints and reports about

15  unintended/uncommanded acceleration causing a collision or near-collision…; and 5) processes

16  for consumer complaints and reports about frontal collisions resulting in battery-involved fires…"

17  Tesla has not responded to these topics at all. But even if Tesla had done so, they are distinct from

18  the information Plaintiff seeks from Mr. Moravy.

19      Plaintiff is entitled to depose Mr. Moravy because he has relevant information about the

20  case, which can be obtained from no other source. Plaintiff has identified Mr. Moravy as the source

21  of online videotaped statements regarding important issues in this case – the Model Y's front

22  structures (and how they've been changed) and how those structures perform in frontal collisions.

23  For its part, Tesla has refused to identify any engineers or employees as part of the discovery

24  process at all, so Plaintiff has identified no alternative to deposing Mr. Moravy, particularly in

25  light of Tesla's refusal to present a timely Rule 30(b)(6) witness.

26  / / /

27  / / /

28

JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE
OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING
ORDER

Plaintiff intends to be reasonable in taking Mr. Moravy's deposition. In the interests of time, Plaintiff agrees to limit Mr. Moravy's deposition to three hours via Zoom (even though Mr. Moravy is located in the Bay Area), and to narrow the scope of the deposition to Mr. Moravy's own statements made in the following two videos posted on Tesla's YouTube channel:

1. "Lars Explains – Tesla Vehicle Safety." In this video (2:44), Mr. Moravy discusses in detail the new cast aluminum front structures of late model Tesla Model Y vehicles and asserts that Tesla's new design protects occupants in a manner contrary to what occurred in decedent Clyde Leach's fatal collision.

   (https://www.youtube.com/watch?v=3FhDfy9Ufl4&t=81s&pp=ygUNIkxhcnMgbW9yYXZ5Ig%3D%3D)

2. "Model Y – Engineering from First Principles." In this video (2:36), Mr. Moravy discusses Tesla's engineering philosophy and the specifics of the new cast aluminum front structures used in the Model Y. (https://www.youtube.com/watch?v=t0LECh9dfG4)

These new cast aluminum front structures were not present in the front end of Mr. Leach's 2021 Tesla Model Y, which was instead constructed of stamped sheet steel. In its responses to Plaintiff's Interrogatories Nos. 11 and 12, however, Tesla denied implementing any changes or modifications to the front structures of the Model Y. Therefore, Mr. Moravy's statements regarding the new cast aluminum front structures in the Tesla Model Y **directly contradict Tesla's verified responses to Interrogatories Nos. 11 and 12.** Plaintiff needs to determine which statements are true, and whether Tesla has misrepresented these facts in its sworn discovery responses, or in its public recorded statements.

Tesla's claims that Plaintiff is seeking an "apex" deposition can be refuted on several grounds. First, Mr. Moravy is not a true apex witness; he is directly involved in Tesla's vehicle engineering, which is why he made the online statements about Tesla's vehicles. Unlike Elon Musk and other C-suite executives who may have broad business portfolios, Mr. Moravy is directly responsible for vehicle engineering. Moreover, Plaintiff can already demonstrate that Mr. Moravy possesses first-hand personal knowledge that no other known witness can provide,

JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING ORDER

1    including what he meant in his public statements and the source of the information he divulged.

2    Moreover, Tesla itself has identified no other witness capable of providing the information

3    Plaintiff seeks. Under these circumstances, Plaintiff is entitled to the short, targeted deposition that

4    she seeks.

5        **2**.    **Plaintiff's Legal Argument and Requested Relief**

6        Mr. Moravy's title does not protect him from being deposed when Plaintiff has

7    demonstrated that Mr. Moravy possesses unique first-hand knowledge related to the litigated

8    claims, and the necessary information cannot be obtained through other, less burdensome, or

9    intrusive means. Indeed, Tesla has not offered any less burdensome or intrusive means. Mr.

10    Moravy has unique first-hand knowledge related to his online videotaped statements regarding

11    important issues in this case – the Model Y's front structures (and changes made to those

12    structures) and how they perform in frontal collisions. Moreover, he had time to film the videos

13    posted to Tesla's website; he should now have time to be asked about them when they are directly

14    relevant to this case.

15        Plaintiff does not seek Mr. Moravy's deposition to cause undue burden or harassment. In

16    order to address any concerns about inconvenience of the deposition, the court may limit the length

17    or scope of the deposition in order to avoid any harassment or undue burden. *Apple Inc. v. Samsung*

18    *Electronics Co., Ltd.*, 282 F.R.D. 259, 265-267 (N.D.Cal. 2012) (allowing depositions of high-

19    ranking corporate officers, but limiting them to 2-3 hours each); *Scott v. Chipotle Mexican Grill,*

20    *Inc.*, 306 F.R.D. 120, 124 (S.D.N.Y. 2015) (limiting apex depositions to four hours).

21        For the foregoing reasons, it is Plaintiff's position that the Court should deny Tesla's

22    motion for a protective order regarding the deposition of Mr. Moravy, or in the alternative, limit

23    the time (to three hours) and the scope (to Mr. Moravy's own statements made in the two

24    informational videos Plaintiff has identified.)

25        If the Court deems this filing premature, it could hold the motion in abeyance until after

26    Tesla has produced its initial F.R.C.P. 30(b)(6) deponents, which, in Plaintiff's view, should occur

27    by no later than January 17, 2025, four weeks before the close of fact discovery. If feasible,

28

JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE
OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING
ORDER

1  Plaintiff requests that a timeline for these depositions be ordered to reduce the potential that

2  Plaintiff will need to file another discovery motion this month, prior to the close of fact discovery.

3

4  Dated:  January 3, 2025                          **NELSON MULLINS RILEY &**
                                                    **SCARBOROUGH LLP**
5

6                                        BY:   _/s/ Trevor C. Zeiler_____
                                               Sandra G. Ezell
7                                              Eden M. Darrell
                                               Trevor C. Zeiler
8                                              Dennis Hom (Pro Hac Vice)
                                               Attorneys for Defendant
9                                              TESLA, INC.

10

11 Dated:  January 3, 2025

12                                       **MCCUNE LAW GROUP, APC**

13                                       By:   _/s/ Todd A. Walburg_____
                                               TODD A. WALBURG
14                                             SCOTT B. BAEZ
                                               Attorneys for Plaintiff DONNA LEACH,
15                                             individually and on behalf of Estate of Clyde Leach

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE
OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING
ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2025, I filed the foregoing document entitled ***JOINT STATEMENT REGARDING DISCOVERY DISPUTE AS TO PLAINTIFF'S NOTICE OF DEPOSITION OF LARS MORAVY PURSUANT TO JUDGE ILLSTON'S STANDING ORDER*** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

 */s/ Trevor C. Zeiler*
Trevor C. Zeiler

9

CERTIFICATE OF SERVICE