UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEACH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TESLA, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03378-SI (SK)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS**<br><br>Regarding Docket Nos. 58, 59, 60, 67 and 68 |

This matter was referred to the undersigned for the purpose of resolving discovery disputes. (Dkt. No. 62.) Several discovery matters are pending, including disputes about the sufficiency of Defendant's responses to Plaintiffs' written discovery requests and Plaintiff's request to depose Lars Moravy. (Dkt. Nos. 58, 59, 60.) In order to provide an updated summary of the state of the disputes, the undersigned ordered the parties to meet and confer and produce a table of the disputed requests for production of documents and the disputed responses to interrogatories. (Dkt. No. 64.) The parties submitted their responsive chart on February 14, 2025. (Dkt. Nos. 67, 68.)

The Court GRANTS Defendant's motion to seal portions of the discovery chart. (Dkt. No. 68.)

The Court rules on the remaining disputes as follows:

Deposition of Lars Moravy – The motion for a protective order to prevent the deposition of Lars Moravy is GRANTED, but Plaintiff may later seek to depose him after taking other depositions.

Document Request No. 13 – Tesla is ORDERED to produce responsive documents. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 14 – Tesla is ORDERED to produce responsive documents. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request Nos. 15 and 16 – Tesla is ORDERED to produce responsive documents with the following limitations: (1) limited to the Model Y vehicles, (2) limited to incidents occurring on or before December 31, 2021, (3) limited to the search terms suggested by Tesla (but expanding the search parameters from incidents occurring on or before April 17, 2021 to incidents occurring on or before December 31, 2021). To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 21 – Tesla is ORDERED to produce responsive documents. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 22 – Tesla is ORDERED to produce responsive documents. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 23 – Tesla is ORDERED to produce responsive documents. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 25 – Tesla is ORDERED to produce design documents regarding the following subset of front crash structures (in front of the occupant compartment) for 2020-2025 Tesla Model Y, as identified by Tesla's 30(b)(6) witness, Sean Haight: the bumper beam, ankle catcher, crush cans, cross-car or lateral beam, steering gear, thermal beam, shock tower,

steering column, front-end module, subframe, subframe crush cans, and sway bar. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 26 – Tesla is ORDERED to produce engineering drawings regarding the following subset of front crash structures (in front of the occupant compartment) for 2020-2025 Tesla Model Y, as identified by Tesla's 30(b)(6) witness, Sean Haight: the bumper beam, ankle catcher, crush cans, cross-car or lateral beam, steering gear, thermal beam, shock tower, steering column, front-end module, subframe, subframe crush cans, sway bar, and crash rails. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 27 – Tesla is ORDERED to produce all responsive communications regarding the design of the following subset of front crash structures (in front of the occupant compartment) for 2020-2025 Tesla Model Y, as identified by Tesla's 30(b)(6) witness, Sean Haight: the bumper beam, ankle catcher, crush cans, cross-car or lateral beam, steering gear, thermal beam, shock tower, steering column, front-end module, subframe, subframe crush cans, sway bar, and crash rails. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 28 – Tesla is ORDERED to produce all reports and testing results regarding the design of the following subset of front crash structures (in front of the occupant compartment) for 2020-2025 Tesla Model Y, as identified by Tesla's 30(b)(6) witness, Sean Haight: the bumper beam, ankle catcher, crush cans, cross-car or lateral beam, steering gear, thermal beam, shock tower, steering column, front-end module, subframe, subframe crush cans, sway bar, and crash rails. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 30 – The motion to compel with regard to this request is DENIED.

Document Request No. 34 – Tesla is ORDERED to produce documents for incidents involving a Tesla vehicle in a frontal collision with narrow objects between main crash rails that occurred between 2018-2024. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 39 – The motion to compel with regard to this request is DENIED.

Document Request Nos. 42, 44, 45, 46, 49, 50, 55, 56 – Tesla is ORDERED to produce internal communications, incident reports, complaints from customers, legal complaints and prelitigation demand letters involving claims of post-collision battery fires and documents stored in the system called Jira. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 43 – Tesla is ORDERED to produce engineering analyses, FMEA, and DFMEA for battery fires in 2020-2025 Tesla Model Y. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request Nos. 48, 51, 54 – The motion to compel with regard to this request is DENIED without prejudice. Plaintiffs may at a later date renew this motion if they can provide a compelling need for the documents.

Document Request Nos. 52 and 53 – Tesla is ORDERED to produce complaints and prelitigation demand letters involving claims of frontal collisions with allegations that a 2020 to 2024 Model Y was not crashworthy. To the extent that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Document Request No. 59 – Tesla is ORDERED to produce responsive documents. To the extent

that Tesla asserts that the attorney-client privilege or work product doctrine protects a document from disclosure, Tesla must provide a privilege log.

Interrogatory No. 1 – Tesla is ORDERED to provide a response to this interrogatory to identify complaints, lawsuits, and not-in-suit matters regarding sudden acceleration for 2020-2025 Tesla Model Y vehicles.

Interrogatory No. 2 – Tesla is ORDERED to provide a response to this interrogatory to identify complaints, lawsuits, and not-in-suit matters alleging insufficient frontal collision crashworthiness for 2020-2025 Tesla Model Y vehicles.

Interrogatory No. 3 – Tesla is ORDERED to provide a response to this interrogatory to identify complaints, lawsuits, and not-in-suit matters alleging a post-collision batter fire for 2020-2025 Tesla Model Y vehicles.

Interrogatory No. 10 – Tesla is ORDERED to provide a response to this interrogatory to identify the software used by Tesla in its simulation of Model Y frontal pole collisions, which is believed to be the LS-Dyna software tool for simulations, and Meta Post Processor software to process the results.

Tesla must produce these documents and must provide responses to these interrogatories by April 30, 2025. The undersigned has consulted with the District Judge overseeing this matter, and the parties are directed to meet and confer to provide a new schedule for all deadlines in this matter and submit that proposed schedule, or competing schedules, to the District Judge by March 14, 2025.

**IT IS SO ORDERED**.

Dated: February 20, 2025



_____
SALLIE KIM
United States Magistrate Judge